David N. BERKS, Appellant,

v.

UNITED STATES of America, Appellee.

UNITED STATES of America

v.

David N. BERKS.

UNITED STATES of America

v.

Samuel K. SPAISE.

No. 88–5041.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 20, 1988.

Decided Oct. 31, 1988.

Jay B. Kelly, St. Paul, Minn., for appellant.

Kimberly S. Stanley, Arlington, Va., for appellee.

Before HEANEY and FAGG, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

David N. Berks appeals for the second time from an order of the district court[1] denying his motion for attorney fees under 26 U.S.C. § 7430. Berks originally filed his motion after prevailing in an action against the United States for a refund of taxes paid to the Internal Revenue Service. The district court denied the motion and Berks appealed to this court. The panel hearing the appeal determined that, in order for this court to conduct a meaningful review, a remand was necessary for the purpose of obtaining further findings of fact and conclusions of law from the district court. *Berks v. United States*, 825 F.2d 1262, 1263 (8th Cir.1987). The district court has now filed its findings and conclusions in accordance with the directions on remand, and once again has denied Berks's motion, concluding that the government's litigating position was not unreasonable. From this decision, Berks again appeals. We affirm.

In 1974 Berks formed a joint venture with two other men, Samuel Spaise and Alan Kircher. Their purpose was to own and operate a drying plant that would turn liquids such as whey into powder. Each of the joint venturers formed his own Subchapter S corporation to participate in the joint venture, which they called SKB Products. The joint venture agreement specified that Berks and Spaise were to be the "active managers of the daily operations," with Berks "primarily responsible for production, general office management and office services."

In 1976 Berks sold his interest to Spaise, who previously had bought out Kircher's interest. Ultimately the business was unsuccessful, and Spaise ceased operations in 1978.

Withholding taxes for SKB Products' employees were never paid. The IRS unsuccessfully attempted to collect the taxes from the subchapter S corporations. It next endeavored to collect from the persons who had willfully failed "to collect, truthfully account for or pay over" the taxes. 26 U.S.C. § 6672(a). The agent assigned to the case interviewed Spaise and reviewed certain of the company's records. The district court found that the agent also attempted to interview Berks, but did not receive a response from him after having left a business card at Berks's home. The agent determined that both Berks and Spaise were responsible for $32,483.93 in unpaid taxes. Accordingly, the IRS assessed that amount against the two men.

Berks entered into a payment plan, and then filed suit in district court for a refund. The case was tried to a jury, which returned a verdict for Berks. Berks then moved for $25,000.00 in attorney fees pursuant to 26 U.S.C. § 7430, which authorized an award of attorney fees to a prevailing party who has exhausted administrative remedies. Fees may be awarded, however, only if the government's position in the civil proceeding was unreasonable.[2] The government did not contend that Berks had not prevailed, nor that he had failed to exhaust his administrative remedies, but did assert that its position had been reasonable. As already noted, the case was appealed to this court and remanded; we are now called upon to review the decision of the district court on remand.

---

1. The Honorable Paul A. Magnuson, United States District Judge, District of Minnesota.

2. This case is governed by The Tax Equity and Fiscal Responsibility Act, Pub.L. No. 97–248, 96 Stat. 324 (1982) (amended 1986).

Berks claims that the government had no factual or legal basis upon which to contend that he was responsible for the unpaid taxes. We cannot agree. The district court noted that Berks and Spaise's testimony at trial was not in accord on the issues of whether Berks knew of the unpaid taxes and whether he had responsibility for them. Spaise testified that he had considered all of the partners responsible for the taxes, and that he was sure Berks knew the taxes were not paid. Berks testified that Spaise effectively exercised the real control of the company; Spaise countered that the joint venture agreement, giving control to both men, reflected the reality of their relationship. The district court concluded that, while the jury's verdict for Berks was reasonable, it would not have been unreasonable for the jury to return a verdict for the government. The court further found no evidence that the government used the trial for an improper purpose such as harassment.

█ Berks urges us to consider the reasonableness of the government's position during the administrative stage of the proceedings as well as during the litigation. We have recently held, however, that the reasonableness of the government's position at the administrative stage is not to be considered in determining whether attorney fees should be awarded pursuant to § 7430 in cases governed by that section as constituted before its amendment by § 1551(e) of the Tax Reform Act of 1986, Pub.L. No. 99–514, 100 Stat. 2085. *Wickert v. Commissioner*, 842 F.2d 1005, 1008 (8th Cir.1988).[3]

█ Berks argues, however, that the conduct of the IRS during administrative proceedings is relevant to determine the reasonableness of the government's incourt position. We need not here decide that question, as we agree with the government that the IRS did not act unreasonably at the administrative stage. In this we tend to disagree with the district court, which did find the government's prelitigation position unreasonable inasmuch as the IRS made its assessment against Berks without talking to him. The court was also concerned that the assessment had been made in haste because the statute of limitations was about to run. We agree that the IRS may have acted hastily, but incline to the view that the circumstances as a whole do not point to a conclusion of unreasonableness. At the time the IRS made the assessment, it had copies of the joint venture agreement providing for shared management and control by Spaise and Berks, and copies of signature authorization cards for SKB's checking accounts indicating that Berks had authority to sign payroll and general expense checks. The IRS also had a copy of a loan application submitted on behalf of SKB to the Federal Home Administration. Berks had signed the application as "Vice–President"; he certified that he was an active manager of the business, and that, along with other duties, he was primarily responsible for general office management. In light of the Service's awareness of these items, we cannot say that it was unreasonable to consider Berks a responsible person.

Considering the evidence at hand, including Berks's failure to contact the agent, and the potential running of the statute of limitations, we cannot quarrel with a finding that the IRS perhaps acted more hastily than it normally would have acted, but prompt action seems to have been indicated, and thus we find the government's position was not unreasonable.

The judgment of the district court is affirmed.

---

**3.** The amendment requires the court to consider the reasonableness of the government's position at the administrative stage. However, § 1551(h)(1) specifies that the amendment applies only to civil actions or proceedings commenced after December 31, 1985. The district court determined that the amendment did not apply to Berks, as this case commenced in 1983, and Berks does not take exception to this ruling.