DAVID E. AND SANDRA L. GANTNER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2222-86.          Filed January 30, 1989.

*Mark Arth,* for the petitioners.
*Genelle Forsberg,* for the respondent.

OPINION

WELLS, *Judge:* This matter is before us on petitioners' motion for litigation costs pursuant to Rule 231 and section

7430.[1] On September 29, 1988, we issued our opinion in *Gantner v. Commissioner*, 91 T.C. 713, in which we held for petitioners on one issue (the applicability of section 1091 to stock options), and for respondent in substantial or total part on the other issues. The issues before us in that opinion involved various deductions in the total amount of $61,198.74, investment credits in the total amount of $2,164.48, and the appropriateness of increased interest under section 6621 with respect to commodities straddles deductions previously conceded by petitioners. We held for petitioners on the stock option issue, allowing them a deduction in the amount of $38,909.70 for 1980. Of the other approximately $22,000 of disputed deductions, we held that petitioners were entitled to only a small portion of these deductions ($900 to $1,000 by our rough calculation). We disallowed over 90 percent of the amount of investment credits in issue, and we held against petitioners on the question of the increased rate of interest.

Respondent opposes petitioners' motion on the grounds that (1) petitioners have not proved that respondent's position in the litigation was not substantially justified, and (2) petitioners' claimed costs are not reasonable. Section 7430 authorizes us to award reasonable litigation costs to a prevailing party in a proceeding in this Court if certain conditions are met. A taxpayer may be awarded litigation costs for a proceeding commenced after December 31, 1985 (such as the instant case, wherein the petition was filed in January 1986), if (1) the taxpayer "has substantially prevailed" with respect to either the amount in controversy or the most significant issue(s) presented, and (2) the position of the Commissioner was "not substantially justified." Sec. 7430(c)(2)(A)(i) and (ii); *Egan v. Commissioner*, 91 T.C. 704, 711 (1988). In that we conclude that respondent's position was substantially justified, however, we need not decide whether petitioners are the prevailing parties.

Section 7430(c)(4) defines "the position of the United States," i.e., respondent's position in proceedings in this Court, to include "(A) the position taken by the United

---

[1]Unless otherwise stated, all section and Code references are to the Internal Revenue Code as in effect during the relevant years, and all Rule references are to the Tax Court Rules of Practice and Procedure.

States in the civil proceeding, and (B) any administrative action or inaction *by the District Counsel* of the Internal Revenue Service (and all subsequent administration action or inaction) upon which such proceeding is based." (Emphasis supplied.) Section 7430(c)(4) was added to the Code in 1986 and applies to any amounts paid after September 30, 1986, in proceedings commenced after December 31, 1985. Pub. L. 99-514, sec. 1551(e), 100 Stat. 2753. It thus applies herein.

In *Sher v. Commissioner,* 89 T.C. 79, 86 (1987), affd. 861 F.2d 131 (5th Cir. 1988), we interpreted newly enacted section 7430(c)(4) to provide that respondent's position includes only those *actions or inactions occurring* at or after the point at which District Counsel becomes involved in the proceedings. We came to the same conclusion in *Weiss v. Commissioner,* 89 T.C. 779 (1987). On appeal, however, the Second Circuit disagreed with our conclusion in *Weiss* and held that the focus for determining respondent's position should be "on the Commissioner's final position as set forth in the statutory notice of deficiency." *Weiss v. Commissioner,* 850 F.2d 111, 116 (2d Cir. 1988). We subsequently reconsidered our reading of section 7430(c)(4) in *Egan v. Commissioner, supra,* and held in a Court-reviewed opinion that we would continue to follow *Sher,* and not follow the Second Circuit's conclusion in *Weiss,* except in cases appealable to the Second Circuit. See *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 745 F.2d 985 (10th Cir. 1971).

In spite of *Egan,* however, petitioners argue that in the Eighth Circuit, to which appeal of the instant case lies, the position of the United States includes not only "the post-petition conduct but also * * * the pre-litigation conduct and the administrative action of the agency." Petitioners base their argument on their reading of *Wickert v. Commissioner,* 842 F.2d 1005, 1008 (8th Cir. 1988), affg. a Memorandum Opinion of this Court. In short, petitioners assert that the Eighth Circuit's opinion in *Wickert* holds that courts must review the actions of the Internal Revenue Service both before and after the filing of their petition to decide whether respondent took a position that was not

substantially justified, and that we are bound to follow *Wickert* because of the rule in *Golsen.*

We do not agree with petitioners' reading of *Wickert.* In that the petition in *Wickert* was filed before 1986, section 7430(c)(4) did not apply in that proceeding. The Eighth Circuit looked to section 7430(c)(4), but only to buttress its conclusion that for actions commenced before 1986, the position of the United States encompassed only the Government's in-court litigating position. 842 F.2d at 1008. Specifically, the Eighth Circuit stated (842 F.2d at 1008),

By providing in the new statute that the "position of the United States" includes the government's administrative action or inaction as well as its in-court litigating position, Congress has made it clear that the pre-amendment [pre-section 7430(c)(4)] phrase at issue does not include administrative action or inaction. Moreover, these amendments were prospective only. We doubt that Congress would have made the amendments prospective only if it was merely clarifying, rather than modifying, existing law. See *McDonald v. Commissioner of Internal Revenue,* 764 F.2d 322, 340 (5th Cir. 1985).

In a more recent case also dealing with a petition filed prior to 1986 (i.e., before section 7430(c)(4) was in effect), the Eighth Circuit similarly stated in a footnote that "[section 7430(c)(4)] requires the court to consider the reasonableness of the Government's position at the administrative stage." *Berks v. United States,* 860 F.2d 841, 843 n. 3 (8th Cir. 1988). Insofar as we can ascertain, however, the Eighth Circuit has not yet decided a case where the interpretation of "position" under section 7430(c)(4) was squarely before the court, i.e., a case involving a petition filed after 1985.

We do not read the Eighth Circuit's comments in *Berks* and *Wickert* to require our review of respondent's activities prior to District Counsel's involvement. We reach that conclusion because we read the comments of the Eighth Circuit to distinguish merely between "administrative action or inaction" and "in-court litigating position." We think our interpretation of section 7430(c)(4) in *Sher* and *Egan* harmonizes with the Eighth Circuit's comments in that our interpretation would include within the purview of respondent's "position" certain administrative action or inaction, specifically, "any administrative action or non-

action by the District Counsel" taken before the part of the proceeding which occurs in court. Under our interpretation of section 7430(c)(4), any proceeding could contain two phases of respondent's "administrative action"—actions prior to the initial involvement of District Counsel, which are not part of respondent's position (as defined by section 7430(c)(4)), and actions subsequent to District Counsel's initial involvement, which are part of respondent's position. The comments of the Eighth Circuit do not address whether that court will consider only administrative action after District Counsel's involvement to be a part of respondent's position, or whether the court might consider respondent's position also to include administrative action prior to District Counsel's involvement. We therefore conclude that the Eighth Circuit's stance on this issue is not contrary to our opinions in *Sher* and *Egan.*

As in *Wickert,* our conclusion is buttressed by subsequent legislative activity. The recently enacted Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, inter alia, amended section 7430. The provisions of former section 7430(c)(4) were modified and redesignated as section 7430(c)(7), which now provides that in proceedings commenced after November 10, 1988, the "position of the United States" is to include positions taken as of the earlier of (1) the date of a taxpayer's receipt of the decision from respondent's Appeals Office, or (2) the date of the notice of deficiency. Pub. L. 100-647, sec. 6239, 102 Stat. 3743. In discussing the amendment of section 7430, the TAMRA Conference report noted the then-existing law (i.e., the law as applicable in the instant case) to be as follows:

*Position of the United States.*—In determining whether the position of the United States was substantially justified, the position of the United States is determined beginning with the position in the civil proceeding, or, if applicable, the *position taken by the IRS district counsel administratively. This generally does not include positions taken in the audit or appeals processes.* [H. Rept. 100-1104 (Conf.) 225 (1988). Emphasis supplied]

Thus, while alone not dispositive of the issue,[2] the subse-

---

[2]*Haynes v. United States,* 390 U.S. 85, 87 n.4 (1968); *United States v. Price,* 361 U.S. 304, 313 (1960).

quent legislative history supports our conclusion that under section 7430(c)(4), as applicable herein, we are not to consider positions taken prior to the entry into the proceeding by District Counsel in our determination of whether respondent's position was substantially justified. The amendment made by section 6239 of TAMRA was prospective only, and we "doubt that Congress would have made the amendments prospective only if it was merely clarifying, rather than modifying, existing law." *Wickert v. Commissioner,* 842 F.2d at 1008.

Having held that respondent's position only includes stances taken subsequent to District Counsel's involvement, we must decide whether respondent's position in the instant case was substantially justified. In this regard, petitioners bear the burden of proof. Rule 232(e); *Polyco, Inc. v. Commissioner,* 91 T.C. 963, 965 (1988); *Stieha v. Commissioner,* 89 T.C. 784, 790 n. 5 (1987).

The bulk of petitioners' arguments and complaints about respondent's allegedly improper behavior are concerned with conduct on the part of a revenue agent and an individual in "the Review Section of the IRS." As we held above, however, we are not to consider such actions, prior to District Counsel's involvement, in our determination of whether respondent's position was substantially justified. Even if petitioners' dissatisfaction with the revenue agent's behavior were justified, respondent's actions during the audit process are simply irrelevant, given the language of section 7430.

With regard to the actions and positions taken by District Counsel in the instant case, respondent's refusal to settle the option/wash sale issue is the only position alleged by petitioners to be not substantially justified. Petitioners cite to *Sher v. Commissioner,* 89 T.C. at 85, and suggest that respondent's failure to settle the issue reflects that the Government "used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case." In that regard, however, we have seen no evidence that respondent pursued the instant litigation on the option/wash sales issue for any reason other than the lack of clarity of the statute on this issue; insofar as we can tell,

respondent pursued the option/wash sale issue merely because he thought his position was correct. We certainly have seen no evidence that respondent's pursuit of the case subsequent to District Counsel's involvement was for purposes of harassment or embarrassment, or out of political motivation. See *Sher v. Commissioner*, 89 T.C. at 85.

We do not agree with petitioners' arguments, because we think respondent's position on the option/wash sale issue was substantially justified. As we noted in our opinion, there was no case law or regulation specifically addressing whether an option was a security for purposes of section 1091. We stated in our opinion that other Code provisions, as well as provisions in Federal securities law, specifically included an option within the definition of a security, and that no definition of a security existed for purposes of section 1091. Respondent discussed other sources that included an option within the definition of "security," and reasoned by analogy that section 1091 also should be construed so as to include options within the term "securities." We find respondent's arguments and asserted statutory construction to have been rational and sound, but in our opinion, incorrect. The fact that respondent ultimately was unsuccessful at litigation alone is insufficient to render his position not substantially justified; substantial justification for a position is not the same as a winning, legally correct argument on a position. See *Sher v. Commissioner*, 89 T.C. at 84; *Minahan v. Commissioner*, 88 T.C. 492, 498 (1987). In short, we are confident that respondent's position on the option/wash sale issue, though ultimately rejected by our analysis, was substantially justified, given the many other extant definitions in which an option was included as a security.[3]

In that petitioners did not substantially prevail on any other issues in the proceeding, we hold that they are not entitled to litigation costs pursuant to section 7430. We therefore need not address the reasonableness of their

[3]Our conclusion that respondent's position was substantially justified arguably is buttressed by subsequent legislative activity. Soon after our opinion on the option/wash sale issue was released, Congress amended sec. 1091 so as to adopt and codify respondent's position on the issue, at least with respect to sales or dispositions of options in taxable years ending after Nov. 10, 1988. Pub. L. 100-647, sec. 5075. Congress made clear, however, that its amendment to sec. 1091 was not intended to impart any inference regarding the application of prior law. H. Rept. 100-1104 (Conf.) 132 (1988).

litigation costs. Based on the foregoing, petitioners' motion will be denied.

*An appropriate order will be entered.*