PHILLIP G. CLINE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cline v. Commissioner
Docket No. 11835-88.
United States Tax Court
T.C. Memo 1989-571; 1989 Tax Ct. Memo LEXIS 570; 58 T.C.M. (CCH) 471; T.C.M. (RIA) 89571; October 25, 1989. Phillip G. Cline, Sr., pro se. Douglas S. Polsky, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This matter is before us on petitioner's motion for award of litigation costs, filed under Rule 231 [1] and section 7430. Respondent's response in opposition to petitioner's motion raises the following issues for decision: (1) Whether petitioner was the "prevailing party," within the meaning of section 7430(c)(2) (now section 7430(c)(4)); and, if so, (2) whether the amount of costs claimed by petitioner are reasonable. FINDINGS OF FACT By notice of deficiency dated March 2, 1988, respondent *572 determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
§ 6653(a)(1)
§ 6653(a)(2)
§ 6661
1982
$13,123
$656.15
*
$3,280.75
1983
11,509
575.45
*
2,877.25
1984
13,875
693.75
*
3,468.75
The issues raised in the notice of deficiency were as follows: (1) Whether and to what extent petitioner was entitled to deduct meal expenses while away from home; (2) whether petitioner's farming activity was engaged in for profit; (3) whether petitioner was liable for additions to tax for a substantial understatement of tax liability under section 6661; and (4) whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (a)(2). On May 27, 1988, petitioner filed a petition for redetermination of all deficiencies and additions to tax set forth in the notice of deficiency. At the time the petition was filed, petitioner resided in McLouth, Kansas. On June 27, 1988, respondent filed an answer to the petition, which essentially reasserted the position taken in the notice of deficiency. *573 This matter was referred to respondent's Appeals Office in Kansas City, Missouri, but petitioner failed to respond to a letter requesting certain information from petitioner. On September 27, 1989, we notified the parties that trial of this case would take place in Kansas City, Missouri, on February 27, 1989. Both parties appeared at the scheduled time and place of trial. After the trial began, the parties settled all issues except the negligence additions. The settlement reflected mutual concessions regarding the disputed meal expense deductions. Respondent conceded that petitioner had an actual and honest objective of making a profit from his farming activity, and petitioner conceded certain individual items relating to losses claimed on his returns. In particular, petitioner acknowledged at trial that he had mistakenly overstated farm losses in 1982, 1983, and 1984 in the amounts of $12,574, $15,411, and $9,679, respectively. Respondent conceded petitioner was not liable for the additions to tax under section 6661. The only issue which was left for our decision was whether petitioner was liable for the additions to tax for negligence. We held that petitioner was liable *574 for additions to tax for negligence under section 6653(a)(1) and an additional amount, under section 6653(a)(2), equal to 50 percent of the interest payable on the portion of the deficiency attributable to the overstated farm losses. Cline v. Commissioner,T.C. Memo. 1989-316. OPINION The threshold issue for decision is whether petitioner was the "prevailing party," within the meaning of section 7430(c)(2). If so, we must then decide whether the amount of the award sought by petitioner is for "reasonable litigation costs," within the meaning of section 7430(c)(1). Petitioner filed a petition with this Court on May 27, 1988. Amendments made to section 7430 by the Tax Reform Act of 1986 (TRA 86), Pub. L. 99-514, 100 Stat. 2085, 2752-2753, apply to proceedings commenced after December 31, 1985. Amendments made to section 7430 by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3743, apply to proceedings commenced after November 10, 1988. Accordingly, the amendments to section 7430 by TRA 86 apply to this matter, but the TAMRA amendments do not. Section 7430(a) provides for the award of reasonable litigation costs *575 to a taxpayer who is the "prevailing party" in a proceeding in this Court. To be the "prevailing party" a taxpayer must: (1) Establish that the "position of the United States" (sec. 7430(c)(4) [2] [now section 7430(c)(7)]) in the civil proceeding was not substantially justified (sec. 7430(c)(2)(A)(i)); (2) substantially prevail with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented (sec. 7430(c)(2)(A)(ii)); and (3) have a net worth which did not exceed $2 million at the time the case was initiated (see sec. 7430(c)(2)(A)(iii)). Respondent does not dispute that petitioner's net worth was considerably less than $2 million. Respondent *576 contends, however, that the first two requirements to be the prevailing party listed above have not been met by petitioner. We hold that the position of the United States in this case was substantially justified, and that petitioner is thus not entitled to any litigation costs. Accordingly, we need not consider whether petitioner substantially prevailed or whether the litigation costs claimed by petitioner are reasonable. This Court has interpreted the definition of the term "position of the United States" contained in section 7430(c)(4) as including only those actions or inactions occurring at or after the point at which District Counsel becomes involved in the proceedings. Gantner v. Commissioner,92 T.C. 192, 194 (1989); Egan v. Commissioner,91 T.C. 705, 712 (1988) (Court reviewed); Sher v. Commissioner,89 T.C. 79, 86 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The circuit courts of appeal are split on the issue of whether the pre-litigation position of the United States should be examined. Sokol v. Commissioner,92 T.C. 760, 764 n. 8 (1989), and cases cited therein. Venue for appeal *577 of this case lies in the Tenth Circuit. The Tenth Circuit has held, in a case involving section 7430 as in effect prior to TRA 86, that "the position of the United States means the arguments relied upon by the Government in litigation." United States v. Balanced Financial Management, Inc.,769 F.2d 1440, 1450 (10th Cir. 1985). This holding is consistent with the view of this Court. However, the District Court for the Western District of Oklahoma interprets the term "position of the United States" to include the conduct of the Government prior to the instigation of litigation Plowman v. United States,659 F. Supp. 34, 36 (W.D. Okla. 1986). The District Court believes the Tenth Circuit will ultimately adopt the same view when presented with issue, in light of the 1985 amendment to the Equal Access to Justice Act which was passed five days after Balanced Financial Management was decided. The amendment provides that the "position of the United States" includes "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. sec. 2412 *578 (d)(2)(D) (1982) nemphasis added). Plowman was a case involving the interpretation of section 7430 prior to TRA 86. However, in dictum, the District Court noted its belief that its view was consistent with the language of section 7430(c)(4) (supra at n. 2), which was added by TRA 86. This Court has previously considered and expressed its views as to the decision in Plowman. See Sher v. Commissioner,89 T.C. at 85-86; Shifman v. Commissioner,T.C. Memo. 1987-347. Under this Court's view, the plain language of section 7430(c)(4) provides that we look at actions or inactions occurring at or after the point at which District Counsel becomes involved in the matter (i.e., in this case, when the petition was filed). We decline to reconsider this view. In his motion for award of litigation costs, petitioner explained the reasons why he alleged the position of respondent was not substantially justified. All of the reasons cited relate to events which took place during the audit and examination of petitioner's 1982, 1983, and 1984 returns. The motion does not contend that the position of respondent after District Counsel became involved was *579 not substantially justified. Accordingly, petitioner's allegations do not support the award of litigation costs to petitioner under this Court's interpretation of section 7430. Nonetheless, we have considered whether respondent's position in this case was substantially justified and find that it was. The primary issue in this case was whether petitioner's farming activity was engaged in for profit, and if it was, whether petitioner had substantiated claimed deductions. An activity is engaged in for profit if a taxpayer has the "actual and honest objective of making a profit." Dreicer v. Commissioner,78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). This is a question of fact. Benz v. Commissioner,63 T.C. 375, 382 (1974). We consider a nonexclusive list of nine factors contained in section 1.183-2(b), Income Tax Regs., in making this determination. Abramson v. Commissioner,86 T.C. 360, 371 (1986). Without discussing each factor, we would note that petitioner (1) kept poor records, (2) was a full-time employee of the Santa Fe Railroad and spent almost half of each year away from his *580 farm, and (3) sustained substantial losses for each of the years 1979 through 1984 in the farming activity. The presence of these objective factors show that respondent's position was substantially justified. The fact that respondent eventually conceded at trial that petitioner was engaged in farming for profit is not determinative as to whether petitioner is entitled to an award of reasonable litigation costs. See Sokol v. Commissioner,92 T.C. at 767, and cases cited therein. As to the alternative substantiation issue, petitioner acknowledged at trial that he had mistakenly overstated farm losses in 1982, 1983, and 1984 in the amounts of $12,574, $15,411, and $9,679, respectively. We found petitioner to be liable for negligence additions due to these mistakes. Cline v. Commissioner,T.C. Memo. 1989-316. Accordingly, we find that respondent's position on this alternative issue was also substantially justified. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as in effect for the relevant years.↩
*. 50 percent of the interest due on the full deficiency.↩
2. SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. * * * (c) DEFINITIONS. -- For purposes of this section -- * * * (4) POSITION OF UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.↩