ESTATE OF RALPH E. LENHEIM, DECEASED, WILLIAM R. LENHEIM AND BERNARD J. LENHEIM, EXECUTORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lenheim v. Commissioner
Docket No. 38464-87
United States Tax Court
T.C. Memo 1991-21; 1991 Tax Ct. Memo LEXIS 25; 61 T.C.M. (CCH) 1700; T.C.M. (RIA) 91021; January 22, 1991, Filed *25 An appropriate order will be entered denying petitioner's motions. Kenneth E. Mitchell, for the petitioner. Margaret S. Rigg, for the respondent. GERBER, Judge. GERBER
SUPPLEMENTAL MEMORANDUM OPINION In a memorandum opinion (T.C. Memo 1990-403) we opined on the value of shares in a family-owned corporation, considered whether respondent was precluded from valuing certain lifetime gifts in connection with computation of the estate tax, and decided whether there was a bargain sale involved in the sale of a corporate subsidiary to decedent's son. Petitioner, in two separate motions, under Rule 161[1] seeks reconsideration of our opinion on four separate grounds and costs and fees under section 7430. Respondent has objected to both motions, and the parties have set forth their views in documents filed with the Court. We address each motion separately. *26 Motion for Reconsideration
Petitioner seeks reconsideration with respect to four separate matters. All of these matters relate to the issues concerning valuation of shares in a family-owned corporation. Three of those matters concern petitioner's request that we reconsider our conclusions or holdings based upon evidence already in the record. With respect to those three, we need only explain that the factors in the record and reemphasized in petitioner's motion have already been considered. The remaining matter involves a document offered by petitioner which was not received in evidence. Petitioner contends that a recent Supreme Court opinion ( Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 102 L. Ed. 2d 445, 109 S. Ct. 439 (1988)) would cause us to change our ruling and that the evidence, if received, would change our holding with respect to the issues decided. At trial, petitioner offered the report of Internal Revenue Service Estate Tax Examiner Dennis Jacques. That report was ostensibly based upon Mr. Jacques' examination and was issued prior to the issuance of the statutory notice of deficiency, which was the basis for our jurisdiction in this case. Petitioner's attorney was "attempting to show *27 * * * that the auditor of the Internal Revenue Service did examine this transaction and determined that it was not an unreported gift * * * [and] that the Service was aware of this transaction, and made a conclusion * * * that it was a sale at arm's length." Mr. Jacques was called by petitioner merely to introduce his report, but not as an expert witness. Respondent objected on the ground that the conclusions were made by respondent's agents prior to the issuance of the notice of deficiency and were irrelevant. We sustained respondent's objection, indicating that Mr. Jacques' report was of no relevance and that, further, he was not being called as an expert witness for purposes of offering his conclusion. In petitioner's motion for reconsideration, it is argued that Rule 803(8)(C), Federal Rules of Evidence, as interpreted by the Supreme Court, provides for the admissibility into evidence (as an exception to the hearsay rule) of the conclusion and/or report of respondent's agent. Petitioner's argument misses the point. The report or conclusion was not received in evidence because it is irrelevant to this proceeding. Trials before this Court are conducted in accordance with *28 rules of evidence applicable in trials without a jury in the United States District Court for the District of Columbia, which includes application of the Federal Rules of Evidence. Sec. 7453; Rule 143(a). Fed. R. Evid. 803(8) contains the following: (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
There had existed a conflict in the Circuit Courts of Appeals as to whether the exception for public records in Fed. R. Evid. 803(8)(C) included statements in the form of opinions or conclusions. See, for example, Smith v. Ithaca Corp., 612 F.2d 215, 220-223 *29 (5th Cir. 1980) (which held that Fed. R. Evid. 803(8)(C) did not encompass opinions or conclusions), and Baker v. Elcona Homes Corp., 588 F.2d 551, 557-558 (6th Cir. 1978) (which held that opinions and conclusions were admissible under the same rule). In Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 102 L. Ed. 2d 445, 109 S. Ct. 439 (1988), the Supreme Court resolved the conflict in favor of the admissibility of opinions and conclusions as part of public reports under the exception to the hearsay rule of Fed. R. Evid. 803(8). Petitioner points out that the issuance of this opinion resolving the conflict did not occur until about three days after this Court's ruling, at trial, against receiving the agent's report. Although petitioner did not specifically rely upon Fed. R. Evid. 803(8)(C), we believe it appropriate to address petitioner's argument here. Our exclusion of this document from evidence was not based upon the question of admissibility, but upon the document's lack of relevance to the proceeding. It has long been a general rule of this Court that we "will not look behind a deficiency notice to examine the evidence used or the propriety of respondent's motives or of the administrative policy or *30 procedure involved in making his determinations." Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974), and cases cited therein. We apply this rule here because petitioner is attempting to show that the auditor of the Internal Revenue Service did examine this transaction and determined that it was not an unreported gift, and that the Service was aware of this transaction and made a conclusion that it was a sale at arm's length. The essence of petitioner's quest is to go behind the determination in the deficiency notice and the position taken by respondent at trial. We, accordingly, did not receive the agent's conclusion because, under this rule, it is irrelevant, not because it would not be admissible in evidence. The underlying rationale for the general rule (where we decline to go behind the deficiency notice) is that a trial before this Court is a proceeding de novo, and determinations thereto are to be based upon the merits of the case, and not upon the record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner, 62 T.C. at 328. We have recognized exceptions to the general rule, however, in cases where there has been substantial *31 evidence of unconstitutional conduct by respondent in determining the deficiency. Berkery v. Commissioner, 91 T.C. 179, 186 (1988), and cases cited therein, affd. 872 F.2d 411 (3d Cir. 1989). Those exceptional circumstances have not been shown to exist in this case and, accordingly, petitioner's attempt to go behind respondent's position was not permitted. We note that the conclusion of Mr. Jacques involves a legal term of art, i.e. whether a transaction was at "arm's length." Petitioner neither offered Mr. Jacques as an expert witness nor offered any other explanation which would permit our venturing behind the deficiency notice. Motion for Litigation Costs
Petitioner moved for attorney's fees under section 7430, [2] and respondent contends that petitioner's motion for attorney's fees and costs should be denied. The issues for our consideration are whether petitioner substantially prevailed on any issue within the meaning of section 7430(c)(2)(A)(ii) and, if so, whether the position of respondent on those issues was "substantially justified" within the meaning of section 7430(c)(2)(A)(i). *32 Petitioner asserts and respondent agrees that petitioner prevailed with respect to two issues. Those issues concerned the split gift election on the 1984 gift tax return and the percentage of the decedent's ownership of Metals' stock at the time of a gift to William Lenheim. Accordingly, we decide whether respondent's position was substantially justified regarding those issues. Petitioner bears the burden of proving that respondent's position is not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified. Wasie v. Commissioner, 86 T.C. 962, 969 (1986); Spencer v. N.L.R.B., 229 U.S. App. D.C. 225, 712 F.2d 539, 557 (D.C. Cir. 1983). Most courts, including this one, have held that the term "substantially justified" is essentially the same as the term "reasonableness" under the Equal Access to Justice Act. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. *33 1988); Sokol v. Commissioner, 92 T.C. 760, 763 n.7 (1989). A few courts, however, have reasoned that the test for the Government's petition should be "slightly more stringent than one of reasonableness" ( Sher v. Commissioner, 89 T.C. at 84 n.9). The Supreme Court, however, in Pierce v. Underwood, 487 U.S. 552, 563-568, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988), after reviewing the legislative history from which the "more stringent" view was derived, adopted the standard "reasonable basis both in law and in fact," which is the standard used by the majority of courts, including this Court. Split Gift Election Issue
In our memorandum opinion we held that decedent and his wife had elected to split gifts made in 1984. Petitioner argues that respondent had erroneously determined that the election was invalid because certain calculations on the Form 709 gift tax return were incorrect. Petitioner also points out that the two issues on which it prevailed (including the split gift issue) "substantially contributed to the large reduction in estate tax liability." Under section 2513(a), a donor and spouse may elect to treat gifts as having been made one-half by each, even though the gift was made entirely *34 by the donor. The election must be made with respect to all gifts made during the calendar year of election. Petitioner made the election, but on the return computed split gifts with respect to certain gifts, but not others. Respondent determined that the election failed or was invalidated by the partial application. As a factual matter we found the election was made, thereby causing it to be effective for all gifts during the period. One of these gifts gave rise to respondent's position that a bargain sale and hence a gift had occurred in 1984. That item would likewise be included in the election, but clearly was not contemplated or considered a gift at the time by decedent and/or his spouse. Respondent also points out that petitioner, in a note to a schedule contained on page 31 of its opening brief, stated that "Decedent's spouse did not elect to split the 1984 gifts." Although we have made the factual finding that the split gift election was made for 1984, it could hardly be said, under these circumstances, that respondent's position was not substantially justified. Decedent's Percentage Ownership of Metals at Time of William Lenheim Gift
The parties agreed that *35 decedent's percentage ownership of Metals' shares dropped from 58 to 20.8 percent on January 10, 1984. Respondent argued and we agreed that a bargain sale occurred between a corporation and William Lenheim. The agreement for sale (which was found to be a "bargain") stated that it was effective as of January 2, 1984, although it was dated and executed January 17, 1984. Respondent argued that the sale had occurred before January 10, 1984, and that 58 percent of the gift resulting from the bargain sale to William Lenheim would be attributable to decedent as a shareholder of Metals. Respondent based his contention on the following points: (1) Respondent's position was that the sales agreement was not merely executory, that it had been partially completed, and that it was binding. (2) In pre-January 10, 1984, corporate minutes there was a reference that the stock "had been purchased." (3) The decision to sell the stock was made on December 19, 1983. (4) William Lenheim made management and employment decisions on January 1, 1984. (5) Events had occurred prior to January 10, 1984, which circumstantially could have supported respondent's pre-January 10, 1984, sale position. (6) An *36 employment agreement dated January 17, 1984, recited that William Lenheim had already purchased the stock. In spite of these points and contentions, we held that for tax purposes the sale occurred on January 17, 1984, and that the effective percentage ownership of decedent was 20.8. Considering respondent's argument and the circumstantial evidence that was available to him, we find that he was substantially justified. Under these circumstances, respondent's actions, position, and decision to litigate both issues in question were reasonable and substantially justified. In Vanderpol v. Commissioner, 91 T.C. 367, 370 (1988), we stated: Petitioners point only to the ultimate failure of respondent's evidence to support his position to show that his position was unreasonable. The logical extension of petitioners' argument is that the party whose evidence fails to persuade the trier of fact has taken an unreasonable position. If a party can be chastised for such a failure, then every losing party must be so chastised. Such an interpretation does not manifest Congress' intention in enacting this statute and we will not endorse it. [Citations omitted.]
In view *37 of the foregoing, we hold that respondent's position in this case is substantially justified and that petitioner is not entitled to costs and fees under section 7430. To reflect the foregoing, An appropriate order will be entered denying petitioner's motions.
Footnotes
1. Rule references are to this Court's Rules of Practice and Procedure. All section references, except as otherwise noted, are to the Internal Revenue Code, as amended and in effect at the date of the decedent's death or, as the case may be, at the dates in connection with amounts paid after Sept. 30, 1986, in civil proceedings commenced after Dec. 31, 1985.↩
2. Because the petition was filed on Dec. 10, 1987, our consideration of sec. 7430↩ would be of the version enacted in the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 324, 572-574, as amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2752, effective for civil proceedings commenced after Dec. 31, 1985, and before Nov. 11, 1988, when amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-0647, sec. 6238(d), 102 Stat. 3746, effective for all civil tax proceedings commenced after Nov. 10, 1988.