WALKER B. FITE AND AGNES FITE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fite v. Commissioner
Docket No. 26995-92
United States Tax Court
T.C. Memo 1994-186; 1994 Tax Ct. Memo LEXIS 191; 67 T.C.M. (CCH) 2794; 64 Fair Empl. Prac. Cas. (BNA) 1397; April 28, 1994, Filed *191 For petitioners: Tillman C. Carroll and James O. Carr, II. For respondent: John Keenan. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on petitioners' [1] Motion for Litigation and Administrative Costs under section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the matter under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure. In Fite v. Commissioner, T.C. Memo. 1993-594, we granted petitioners' motion for summary judgment, and held that damages and attorney's fees and costs awarded to Walker B. Fite as a result of a suit he brought against his former employer under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602 (current version at 29 U.S.C. secs. 621-634 (1988)), are excludable *192 from income under section 104(a)(2). We incorporate the facts found in T.C. Memo. 1993-594 herein by this reference. After our Memorandum Opinion was filed, petitioners filed their motion for an award of litigation and administrative costs in the total amount of $ 12,305.70. Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, section 6239, 102 Stat. 3342, 3743-3746 (applicable to proceedings commenced after November 10, 1988), provides that a prevailing party may be awarded a judgment for reasonable litigation costs incurred in connection with a Court proceeding. See also Rule 231. The petition in this case was filed on December 7, 1992. In order for this Court to award reasonable litigation and administrative costs under section 7430, an individual taxpayer must meet the following seven requirements: (1) File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). Petitioners met this requirement. (2) Substantially prevail in the proceeding in this Court. Sec. 7430(c)(4)(A)(ii). Respondent concedes that petitioners met this requirement. (3) Establish that he *193 or she did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). Respondent concedes that petitioners met this requirement. (4) Establish that respondent's positions in the administrative proceeding and the proceeding in this Court were not substantially justified in law or in fact. Sec. 7430(c)(4)(A)(i), (7)(A) and (B); Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470 (1993). As discussed below, we hold that petitioners did not meet this requirement. (5) Exhaust any administrative remedies available in the Internal Revenue Service. [2]Sec. 7430(b)(1). Respondent concedes that petitioners met this requirement. (6) Have a net worth that did not exceed $ 2 million at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent *194 concedes that petitioners met this requirement. (7) Establish that the requested costs and attorney's fees are reasonable in amount. Sec. 7430(a), (c)(1) and (2). The parties did not resolve this issue. However, in light of our holding below, we need not reach this issue. The seven requirements are conjunctive; each requirement must be met before the Court may order an award of litigation and administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. Petitioners have the burden of proof with respect to each and every requirement. Rule 232(e); Welch v. Helvering, 290 U.S. 111, 115 (1933); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). As we *195 observed in Han v. Commissioner, supra, with respect to administrative proceedings commenced after November 10, 1988, the "not substantially justified" standard is applied as of the separate dates that respondent took positions in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Huffman v. Commissioner, supra; see also Caparaso v. Commissioner, T.C. Memo. 1993-255. For purposes of the administrative proceeding, respondent took a position on September 17, 1992, the date of the notice of deficiency. Sec. 7430(c)(7)(B). For purposes of the proceeding in this Court, respondent took a position on February 5, 1993, the date respondent filed the Answer. See Huffman v. Commissioner, supra at 1148. As a point of fact,however, these two positions are the same; the record contains no indication that respondent's position changed after the notice of deficiency was issued. Whether or not this position was substantially justified will determine whether petitioners are entitled to an award of reasonable attorney's *196 fees and costs. For civil tax cases commenced after December 31, 1985, section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "not substantially justified", the standard applicable to the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 (1988). This Court has concluded that the substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988), and cases cited therein; Rutana v. Commissioner, 88 T.C. 1329 (1987); see also Pierce v. Underwood, supra at 563-565. EAJA's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, supra at 565. That interpretation also applies to motions for litigation costs under section 7430. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), *197 affg. per curiam T.C. Memo. 1990-316; Norgaard v. Commissioner, 939 F.2d 874, 881 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390. In determining whether the Commissioner's position was substantially justified, this Court will consider the basis of her position and the manner in which that position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). "Substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, supra at 565. This standard is no different from the "reasonable basis both in law and fact" formulation adopted by the vast majority of the Courts of Appeals. Id.; Comer Family Equity Pure Trust, supra. For a position to be substantially justified, there must be "substantial evidence" to support it. Pierce v. Underwood, supra at 564-565. As the Supreme Court stated: Judicial review of agency action, the field at issue here, regularly *198 proceeds under the rubric of "substantial evidence" set forth in the Administrative Procedure Act, 5 U.S.C. sec. 706(2)(E). That phrase does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). * * * [Id.] In determining if respondent's position was "reasonable", the factors set forth in the legislative history of section 7430 provide guidance: The committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political *199 motivation, and (3) such other factors as the court finds relevant. Generally, the pursuit of litigation by the government to establish a conflict among the United States Circuit Courts of Appeals would not be unreasonable. H. Rept. 97-404, at 12 (1981). As stated above, petitioners have the burden of proving that respondent's position was not substantially justified. Rule 232(e); Rutana v. Commissioner, supra at 1332. For petitioners to prevail, the facts and circumstances must show that respondent's position did not have a reasonable basis as a matter of fact or of law. Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, 100 T.C. 457, 470 (1993); see also Han v. Commissioner, supra.
1. Damages
Petitioners assert that respondent's position regarding the taxability of the $ 270,000 damages awarded to Mr. Fite under the ADEA was not substantially justified. They base this conclusion, in part, on our statement in Fite v. Commissioner, T.C. Memo. 1993-594, that "It is now settled in this Court *200 that damages received on account of a claim of discrimination under the ADEA are excludable from gross income under section 104(a)(2)." However, respondent's loss or concession of a litigated issue does not, ipso facto, render a position not substantially justified. Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-189; Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Gantner v. Commissioner, supra at 198. Nevertheless, it "clearly remains" a factor to be considered. Heasley v. Commissioner, supra at 120; Powers v. Commissioner, supra at 471. The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra.
On their *201 original 1989 Federal income tax return, petitioners relied on this Court's opinion in Rickel v. Commissioner, 92 T.C. 510 (1989), to exclude one-half of the ADEA damages awarded to Mr. Fite. In Rickel, the taxpayer received payments in settlement of a suit against his former employer under the ADEA. We held that half of the settlement was allocable to a claim for a tortlike injury, which portion was excludable from gross income pursuant to section 104(a)(2). Rickel was reversed in part by the Court of Appeals for the Third Circuit, which held that all the taxpayer's age discrimination damages were excludable under section 104(a)(2) as received on account of personal injuries. 900 F.2d 655, 661-664 (3d Cir. 1990). Approximately 6 months after the Court of Appeals for the Third Circuit rendered its opinion in Rickel, the Court of Appeals for the Sixth Circuit (where an appeal in this case would lie) decided Pistillo v. Commissioner, 912 F.2d 145, 149-150 (6th Cir. 1990), revg. and remanding T.C. Memo. 1989-329. In Pistillo, the Court of Appeals held *202 that an amount paid to a taxpayer in settlement of an age discrimination suit was excludable under section 104(a)(2), even though the award represented lost wages. [3]
As a result of the Rickel and Pistillo decisions, petitioners filed an amended 1989 Federal income tax return on December 24, 1990, claiming that the total amount of the ADEA award and attorney's fees and costs was excludable from gross income. On September 17, 1992, respondent issued a notice *203 of deficiency to petitioners for 1989. Among other things, the notice disallowed petitioners' claim for refund and included the total amount of the ADEA recovery and attorney's fees and costs in petitioners' gross income. Petitioners filed their petition on December 7, 1992. Respondent filed the Answer on February 5, 1993. In the notice of deficiency, respondent stated that * * * during the tax year 1989 you received lost wages, including legal fees, resulting from a discrimination lawsuit * * * it is determined that the entire amount of lost wages, including legal fees, is includible in your gross income because it has not been established that any amount is excludable from gross income, pursuant to section 104 of the Internal Revenue Code. * * * Respondent continued to maintain this position in the Answer. On May 26, 1992, between the dates petitioners filed their amended return (December 24, 1990) and respondent issued the notice of deficiency (September 17, 1992), the Supreme Court rendered its opinion in United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). At issue in Burke was whether a backpay award based on a title *204 VII sex discrimination claim was excludable under section 104(a)(2). The Supreme Court held that only damages received on account of a claim that redresses a tortlike personal injury are excludable. The mere fact that discrimination caused harm to its victim does not mean that it was a tortlike personal injury for purposes of section 104(a)(2). . Respondent argues that she applied the analysis enunciated in Burke when determining that the damages awarded to Mr. Fite under the ADEA were not excludable from gross income under section 104(a)(2). Furthermore, respondent argues that the Burke analysis constituted a substantially justified basis for her position. Petitioners counter by quoting our Memorandum Opinion, wherein we stated that."respondent concedes that cases such as Downey and Horton control in this Court and that the $ 270,000 damages award is excludable from income under section 104(a)(2)". Fite v. Commissioner, T.C. Memo. 1993-594. In Downey v. Commissioner, 97 T.C. 150 (1991), we held that the entire amount received by a taxpayer in settlement of an ADEA suit was excludable under section *205 104(a)(2). In Downey v. Commissioner, 100 T.C. 634 (1993) (Downey II), [4] *206 we reconsidered this holding in light of United States v. Burke, supra.Upon reconsideration, Downey II stated that "the ADEA compensation scheme evidences a tortlike conception of injury and remedy", and, as a result, adhered to our original holding that all damages received on account of the ADEA claim are excludable. 100 T.C. at 637. In Horton v. Commissioner, 100 T.C. 93 (1993), [5] the taxpayers sustained personal injury when their home was destroyed by a gas explosion and fire caused by a power company's negligence. The taxpayers sued the company and were awarded compensatory and punitive damages. This Court held the punitive damages excludable from gross income under section 104(a)(2) as "damages received * * * on account of personal injuries". Id. at 96. Respondent contends that at the time the notice of deficiency was sent (September 17, 1992) and on the date the Answer was filed (February 5, 1993), conflicting legal authority existed as to whether damages awarded under the ADEA were excludable from gross income as a result of the Burke opinion. Although Pitillo v. Commissioner, supra, was the law in the Sixth Circuit when the notice of deficiency was sent, our opinions in Horton and Downey II had not yet been filed. Respondent also points to Maleszewski v. United States, 827 F. Supp. 1553 (N.D. Fla. 1993), [6] which held that Burke compelled a finding that a settlement payment received from an age discrimination suit was not excludable from gross income. In Maleszewski, the District Court stated that, unlike traditional tort claims which afford a full range of damages to the injured party, the settlement award (which covered only lost salary, pension, and interest) was limited to actual *207 monetary losses arising from the discriminatory employment action. Therefore, it held that the settlement payment was in the nature of back pay, rather than attributable to personal injuries, because the nature of the underlying claim was not grounded in traditional tort type rights.[7] Respondent contends that Maleszewski stands for the proposition that reasonable people can differ on this issue. See, e.g., Pierce v. Underwood, 487 U.S. 552, 565-566 (1988). *208 In light of the potential difference of opinions exhibited by Maleszewski, respondent claims that she pursued this litigation in an effort to resolve this "unsettled area of the tax laws." We have stated that when the law is not clear, it may be reasonable for the Commissioner to pursue litigation that may tend to clarify the law, even though such litigation will be burdensome and expensive for the petitioner, and even though the Commissioner's chances of success may be marginal. Don Casey Co. v. Commissioner, 87 T.C. 847, 862 (1986). Respondent further contends that her actions in this case were not unreasonable in light of the legislative history of section 7430. The legislative history states that, generally, the pursuit of litigation by the Government to establish a conflict among the United States Circuit Courts of Appeals would not be an unreasonable position for purposes of section 7430. See also Divine v. Commissioner, 500 F.2d 1041, 1049 (2d Cir. 1974), revg. and remanding 59 T.C. 152 (1972). [8] Respondent has appealed adverse decisions on the issue of whether ADEA recoveries *209 are excludable from gross income to the Courts of Appeals for the Fifth, Seventh, Ninth,Tenth, and Eleventh Circuits. See Schleier v. Commissioner, an order of this Court dated July 7, 1993, on appeal (5th Cir., Nov. 24, 1993); Downey v. Commissioner, 97 T.C. 150 (1991) and 100 T.C. 634 (1993), on appeal (7th Cir., Nov. 17, 1993); Keller v. Commissioner, T.C. Memo. 1991-373, on appeal (9th Cir., Nov. 20, 1992); Gates v. Commissioner, an order of this Court dated July 7, 1993, on appeal (10th Cir., Nov. 24, 1993); and Estate of Hillelson v. Commissioner, an Order of this Court dated July 7, 1993, on appeal (11th Cir., Nov. 24, 1993).
*210 On the other hand, petitioners essentially argue that here respondent was bound by Pistillo v. Commissioner, 912 F.2d 145 (6th Cir. 1990), a decision by the Court of Appeals for the Sixth Circuit, where an appeal in this case would lie. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Thus, petitioners contend that respondent's position regarding the taxability of the $ 270,000 damages award was not substantially justified. All things considered, we agree with respondent that there was sufficient doubt as to the excludability of ADEA awards after the Supreme Court's decision in Burke to substantially justify the position taken by respondent in the notice of deficiency and the answer. Despite the Court of Appeals' decision in Pistillo, conflicting legal authority existed regarding whether such damages are excludable from gross income. Respondent was litigating this issue in other circuits. See Price v. Commissioner, 102 T.C.     (1994). As described above, section 7430's legislative history clearly permits the pursuit of litigation in *211 order to establish a conflict among the circuits. Respondent was justified because "a reasonable person could think" that respondent's position was correct. See Pierce v. Underwood, supra at 566 n.2. Accordingly, based on the facts and applicable law at the time the notice of deficiency was sent and the answer was filed, we hold that respondent's position regarding Mr. Fite's award of damages was substantially justified. 2. Attorney's Fees and Costs
In T.C. Memo. 1993-594, we held that the amounts awarded to Mr. Fite for attorney's fees and costs are excludable from income, consistent with cases such as Roemer v. Commissioner, 716 F.2d 693 (9th Cir. 1983), revg. 79 T.C. 398 (1982), and Johnson-Waters v. Commissioner, T.C. Memo. 1993-333, as well as 29 U.S.C. section 626(b). Petitioners argue that respondent ignored adverse legal authority on this matter. Respondent argues that, notwithstanding Roemer and Johnson-Waters, the Tax Court has "routinely adopted respondent's position *212 on the taxability of reimbursed attorney's fees and costs in cases appealable to other circuits". Respondent points to cases such as Bent v. Commissioner, 87 T.C. 236, 251 (1986) (settlement payment not taxable, and taxpayer not entitled to deduction for attorney's fees paid pursuant to section 265), affd. 835 F.2d 67 (3d Cir. 1987), and Metzger v. Commissioner, 88 T.C. 834, 860 (1987) (allocate legal fee in same proportion as the excludable and includable portions of the settlement amount), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988). We agree with respondent. In light of our holding that respondent's position regarding Mr. Fite's award of damages was substantially justified, we similarly conclude that her position regarding the taxability of the reimbursed attorney's fees and costs was substantially justified. In sum, it is our view that respondent's positions in this case were substantially justified. Consequently, we will deny petitioners' motion for litigation and administrative costs and fees under section 7430 and Rule 231. To reflect the *213 foregoing, An appropriate order and decision will be entered. Footnotes
1. Petitioners resided in Munford, Tennessee, at the time they filed their petition.↩
2. This requirement applies only to a judgment for an award of reasonable litigation costs. Sec. 7430(b)(1)↩.
3. The Court of Appeals for the Sixth Circuit stated as follows: Pistillo merely sought the remedies afforded by the ADEA as compensation for the personal injury he suffered as a result of his employer's invidious age discrimination. Pistillo's loss of wages a substantial nonpersonal consequence of his employer's age discrimination - did not transform the discrimination into a nonpersonal injury. * * * Pistillo v. Commissioner, 912 F.2d 145, 150 (6th Cir. 1990), revg. T.C. Memo. 1989-329↩.
4. Downey v. Commissioner, 100 T.C. 634↩ (1993), was filed on June 29, 1993.
5. Horton v. Commissioner, 100 T.C. 93↩ (1993), was filed on Feb. 9, 1993.
6. Maleszewski v. United States, 827 F. Supp. 1553↩ (N.D. Fla. 1993), was decided on June 4, 1993.
7. The Court in Maleszewski v. United States, supra at 1557, stated that the Supreme Court in United States v. Burke, 504 U.S.    , 112 S.Ct. 1867 (1992), stressed that an inquiry must be made into the remedial scheme established by the statute which gave rise to the award in question. Only then can it be determined that a particular statute gives rise to "damages on account of personal injury." As set forth above, I conclude that the remedial scheme established by the ADEA does not redress tort-like personal injuries for purposes of Section 104(a)(2)↩. [Fn. ref. omitted.]
8. In Divine v. Commissioner, 500 F.2d 1041, 1049 (2d Cir. 1974), the Court of Appeals stated: In federal tax cases disputed questions of law are satisfactorily resolved only by U.S. Supreme Court decisions, for the Commissioner of the Internal Revenue Service has on many occasions taken the position, as he has in this litigation, that a Court of Appeals decision with which he disagrees has no binding effect on the Service's policies in other circuits. The uncertainty which may result is exacerbated by the fact that the decisions of a U.S. Court of Appeals are not habitually reviewed by the Supreme Court. There is no right of appeal from such a decision, see 28 U.S.C. sec. 1254, and under the guidelines of Supreme Court Rule 19 the granting of certiorari is often withheld until two or more circuits have adopted conflicting positions. See J. Mertens, Law of Federal Income Taxation, sec. 51.20, at 51-38 nn. 94, 95 (Supp. 1974); United States v. O'Malley, 383 U.S. 627, 86 S.Ct. 1123, 16 L.Ed. 2d 145↩ (1966). * * *