CHESTER C. CHANDLER AND ADA H. CHANDLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chandler v. Commissioner
Docket No. 6697-92
United States Tax Court
T.C. Memo 1993-72; 1993 Tax Ct. Memo LEXIS 70; 65 T.C.M. (CCH) 1991; March 3, 1993, Filed *70 An appropriate order and decision will be issued. For petitioner: James L. Kennedy. For respondent: Martin M. Van Brauman. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This matter is before the Court on petitioners' motion for an award of administrative and litigation costs pursuant to section 7430 [1] and Rule 231. The Court decides the motion on the record of the case, including respondent's objection, and affidavits and exhibits provided by the parties. Neither party requested a hearing, and the Court concludes that a hearing is not necessary. Rule 232(a)(3). Petitioners, Chester C. and Ada H. Chandler, are husband and wife and resided at Richardson, Texas, at the time their petition was filed. *71 In two separate notices of deficiency dated February 5, 1992, respondent determined additions to petitioners' Federal income taxes as follows: Additions to Tax
Year
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
1981
$ 242
$ 727
$ 1,454
1984
364
332
2,182
The additions to tax were determined based upon petitioners' tax liability which was assessed through the unified partnership audit and litigation procedures as a result of petitioners' investment in S.N. Leasing Corp. In a stipulation of settled issues, respondent conceded the additions to tax. The issues for decision are: (1) Whether respondent's position in this proceeding was "not substantially justified" within the meaning of section 7430(c)(4)(A)(i); and, if so, (2) whether the administrative and litigation costs claimed by petitioners are reasonable. On November 11, 1991, respondent issued a 30-day letter to petitioners. In response, on December 3, 1991, petitioners prepared a protest letter which was received by respondent on December 9, 1991. In petitioners' protest to imposition of the additions to tax for negligence, valuation overstatements, and increased interest on underpayments attributable *72 to tax-motivated transactions, they described a factual situation in which they were "coerced into investing based upon what they in their limited knowledge perceived to be sound business advice." Respondent's determination was based on a tax liability resulting from the disallowance of certain credits and depreciation deductions arising from the investment described. Petitioners presented facts in the protest which they believed relieved them of respondent's determination and cited the applicable case law which so held in situations similar to the one portrayed by petitioners. [2] The protest referred to additional documentation that could verify petitioners' claims, but no additional documents were submitted with their letter. Therefore, respondent required further information and documentation in order to determine the accurateness of the facts petitioners alleged in their protest. Since the period of limitation was to expire on March 27, 1992, petitioners' case file was sent to respondent's "90-day section" on January 23, 1992. No final decision was made by the Internal Revenue Service (IRS) Office of Appeals, and the notices of deficiency were mailed on February 5, 1992. *73 Petitioners then filed a petition with this Court on March 30, 1992. An answer was filed by district counsel on May 22, 1992, in which petitioners' factual allegations were denied or denied for lack of sufficient information. On that same day, district counsel transferred the administrative files and jurisdiction of petitioners' case to the IRS Office of Appeals for consideration. The appeals officer, on June 8, 1992, mailed a letter to petitioners' counsel and suggested a conference for July 9, 1992. Subsequently, by verbal agreement, the appeals officer fully conceded the case and, on July 23, 1992, mailed out a proposed decision document to petitioners' counsel. The concession of the overvaluation penalty was based upon the rulings in , and . Concession of the negligence penalties was based upon evidence provided by petitioners' attorney as to petitioners' knowledge, background, and income. The decision document was filed as a "Stipulation of Settlement" on October 21, 1992, the same day petitioners' motion *74 for litigation and administrative costs was filed. Section 7430(a) provides that, in the case of any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceedings within the IRS, and (2) reasonable litigation costs incurred in connection with such proceeding. In order to be entitled to an award of litigation costs, the taxpayer must show that he was the "prevailing party" by establishing: (1) That the position of the United States in the civil proceeding was not substantially justified, sec. 7430(c)(4)(A)(i); (2) that the taxpayer substantially prevailed in the proceeding with respect to either the amount in controversy or the primary issues presented, sec. 7430(c)(4)(A)(ii); and (3) that, at the commencement of the proceeding, the taxpayer met the net worth requirements specified in section 7430(c)(4)(A)(iii). In addition, the taxpayer must demonstrate that he exhausted the administrative remedies available to him within the IRS, *75 sec. 7430(b)(1); that the taxpayer did not unreasonably protract any portion of the proceedings for which litigation costs would otherwise be awarded, sec. 7430(b)(4); and that the amount of costs claimed is reasonable, sec. 7430(c)(1). These are conjunctive requirements that must all be met in order for an award to be made to the taxpayer. , affd. ; . The taxpayer has the burden of proof as to each requirement. Rule 232(e); ; , affd. . Respondent agrees that petitioners meet all of the above conditions except two. Respondent disputes petitioners' contention that respondent's position was not substantially justified. Additionally, respondent contends that some of the costs claimed by petitioners are not allowable costs under section 7430(c)(1) and (2). The first issue is whether *76 respondent's position (the position of the United States), was substantially justified within the meaning of section 7430(c)(4)(A)(i). Section 7430(c)(7) defines the "position of the United States" in subparagraph (A) to mean the position taken by the United States in a judicial proceeding (to which the section applies), and in subparagraph (B) the position taken in an administrative proceeding (to which the section applies) as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals, or (ii) the date of the notice of deficiency. In this case, there was no separate notice from the IRS Office of Appeals prior to the issuance of the notices of deficiency. Therefore, for purposes of section 7430, the United States is considered to have taken a position on February 5, 1992, the date the notices of deficiency were issued. For civil tax cases commenced after December 31, 1985, section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" to "not substantially justified". This Court has held that the substantially *77 justified standard does not represent a departure from the reasonableness standard. ; . Whether or not respondent's position is substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. ; ; . The Court thus considers the basis for respondent's legal position and the manner in which the position was maintained. . The fact that respondent eventually loses or concedes the case is not sufficient to establish that the positions taken were unreasonable. ; ; *78 At the time the notices of deficiency were issued on February 5, 1992, respondent's position that petitioners were liable for additions to tax due to their negligence and valuation overstatements was countered only by petitioners' unverified factual allegations. Where there are factual questions regarding tax returns, respondent is not obligated to concede the case until the necessary documentation is received to prove the taxpayer's contentions and claims. . Respondent filed an answer to the petition and immediately transferred settlement jurisdiction to the IRS Office of Appeals. The usual procedures were followed in the instant case. . "The IRS took the position of conceding the case as soon as it received and verified information demonstrating that that was the proper course. This was a reasonable position." , affg. . Therefore, the Court holds that respondent's position was "substantially justified". *79 Based on the Court's holding, it is not necessary to address respondent's argument challenging the particular costs claimed by petitioners. [3]
Petitioners' motion for litigation and administrative costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. The petition in this case was filed Mar. 30, 1992; therefore, the motion before the Court has been considered under sec. 7430 as amended by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743, effective for all civil tax proceedings commenced after Nov. 10, 1988. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The cases cited by petitioners were , and .↩
3. Pursuant to Rule 232(d), respondent requested that petitioners file an additional affidavit with a detailed summary of costs in order to determine what costs were incurred within the limits of sec. 7430(c)(2). Sec. 7430(c)(2) provides that reasonable administrative costs shall only include costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the IRS Office of Appeals, or (ii) the date of the notice of deficiency. Petitioners never filed the required affidavit.↩