W.L. MILLER, P.S.C.; W.L. MILLER, P.S.C., DEFINED BENEFIT PENSION PLAN AND TRUST; W.L. MILLER, M.D., LTD PENSION PLAN; W.L. MILLER, M.D., LTD PROFIT SHARING PLAN; AND WILLIAM L. MILLER AND H. FAE MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 29367-89
United States Tax Court
T.C. Memo 1993-346; 1993 Tax Ct. Memo LEXIS 349; 66 T.C.M. (CCH) 322; August 5, 1993, Filed *349 For petitioners: James B. Martin, Jr. For respondent: Robin L. Herrell. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before the Court on petitioners' motion filed pursuant to Rule 231 for an award of administrative and litigation costs under section 7430. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code. On February 13, 1992, the parties filed with the Court a stipulation of settled issues in which the parties settled all issues except the following: (1) Whether $ 4,092 received by Mr. Miller from his pension plan is taxable to petitioners, and (2) if the $ 4,092 is held to be taxable to petitioners, whether the 6-year statute of limitations under section 6501(e) applies with respect to respondent's determination of a deficiency and additions to tax in Mr. and Mrs. Miller's joint Federal income tax for 1984. Thereafter, in our opinion in Miller v. Commissioner, T.C. Memo. 1992-612, we concluded that the $ 4,092 received by Mr. Miller from his pension plan was taxable to petitioners and that the 6-year statute of limitations *350 under section 6501(e) applied. The table below provides a comparison of petitioners' income tax deficiencies as determined by respondent in the notices of deficiency (Original Deficiency) with petitioners' income tax deficiencies as agreed upon by the parties and as decided by the Court in Miller v. Commissioner, supra (Adjusted Deficiency), as follows: Petitioner W.L. Miller, P.S.C.
Year
Original Deficiency
Adjusted Deficiency
1985
$ 39,851
$ 12,731
1986
7,191
2,397
Petitioner W.L. Miller, P.S.C., Defined
Benefit Pension Plan and Trust
Year
Original Deficiency
Adjusted Deficiency
1986
$ 444
-0-
1987
574
-0-
Petitioner W.L. Miller, M.D.,
LTD Pension Plan
Year
Original Deficiency
Adjusted Deficiency
1986
$   276
$   237
1987
6,038
1,032
Petitioner W.L. Miller, M.D.,
LTD Profit Sharing Plan
Year
Original Deficiency
Adjusted Deficiency
1986
$   237
$ 276
1987
1,032
817
Petitioners William L. Miller and
H. Fae Miller
Year
Original Deficiency
Adjusted Deficiency
1982
$  3,797
$  3,797
1984
40,212
40,212
1985
29,855
10,674
1986
47,282
11,152
*351 Section 7430(a) authorizes an award to the prevailing party of reasonable administrative costs incurred in an administrative proceeding before the Internal Revenue Service and of reasonable litigation costs incurred in a civil tax proceeding. Estate of Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144; Gustafson v. Commissioner, 97 T.C. 85, 87-88 (1991). In order to be entitled to an award of administrative or litigation costs, the moving party must establish the following: (1) That the party is a "prevailing party" within the meaning of section 7430(c)(4)(A); (2) that the party did not unreasonably protract either the administrative proceeding or the civil tax proceeding; and (3) that the administrative or litigation costs claimed by the party are reasonable within the meaning of section 7430(c)(1) and (2). Powers v. Commissioner, 100 T.C.     (1993) (slip op. at 19); Gustafson v. Commissioner, supra at 87; Caparaso v. Commissioner, T.C. Memo. 1993-255. *352 With respect to claims for litigation costs, taxpayers also are required to show that administrative remedies were exhausted. Powers v. Commissioner, supra at     (slip op. at 19); Gustafson v. Commissioner, supra at 87; Caparaso v. Commissioner, supra.
To be considered a "prevailing party" within the meaning of section 7430(c)(4)(A), taxpayers must show, among other things, that respondent's position in the administrative or civil tax proceeding was not substantially justified. Sec. 7430(c)(4)(A)(i); Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; Powers v. Commissioner, supra, at     (slip op. at 19); Hyde Ins. Associates, Inc. v. Commissioner, T.C. Memo. 1993-240; Harris v. Commissioner, T.C. Memo. 1993-230. Taxpayers seeking to recover both administrative costs and litigation costs must separately establish that respondent's position was not substantially justified both in the administrative *353 proceeding and in the civil tax proceeding. Estate of Huffman v. Commissioner, supra at 1143-1147; Caparaso v. Commissioner, supra.
Whether respondent's position was substantially justified in an administrative proceeding or in a civil tax proceeding depends upon whether respondent's position was unreasonable in light of all of the facts and circumstances of the case and in light of legal precedent relating to the case. William L. Comer Family Equity Pure Trust v. Commissioner, supra at 139-140; Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Powers v. Commissioner, supra (slip op. at 21); Chandler v. Commissioner, T.C. Memo. 1993-72. Generally, respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable in an administrative proceeding or in a civil tax proceeding. Sher v. Commissioner, supra at 134; Sokol v. Commissioner, 92 T.C. 760, 767 (1989). *354 In the instant motion for administrative and litigation costs, petitioners allege that the fact that respondent has conceded a large percentage of the income tax deficiencies at issue herein establishes that respondent's positions were unreasonable in the administrative proceeding and in the instant proceeding. The fact that respondent has made substantial concessions, however, in the instant case is not sufficient to establish that positions taken by respondent were unreasonable in the administrative proceeding or in the instant proceeding. We hold that petitioners have failed to establish that they are entitled to the claimed administrative and litigation costs. An appropriate order will be issued, and decision will be entered.