958 F.2d 136
 69 A.F.T.R.2d 92-789, 92-1 USTC P 50,132,
34 Fed. R. Evid. Serv. 1434
 WILLIAM L. COMER FAMILY EQUITY PURE TRUST; William L.
Comer; Myra L. Comer; T.R.Y.E.-A Trust;
American Way Trust; Financial Freedom
Consultants, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-2114.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 27, 1992.
Decided March 2, 1992.
 
 Gary A. Kozma (argued and briefed), Detroit, Mich. and Robert M. Goldschmid (briefed) Goldschmid & Kozma, Detroit, Mich., for petitioners-appellants.
 Abraham N.M. Shashy, Jr., Chief Counsel, I.R.S., Office of Chief Counsel, Gary R. Allen, Acting Chief (briefed), Kevin M. Brown (argued), Deborah Swann, and Gayle P. Miller, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for respondent-appellee.
 Before KENNEDY and GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 William Comer, et al. ("petitioners") appeal the Tax Court decision denying their motion for litigation costs and sanctions. The Tax Court denied the motion finding that the petitioners had failed to establish that the Commissioner's position was unreasonable or not substantially justified within the meaning of I.R.C. § 7430 (1954). For the reasons stated below, we AFFIRM the decision of the Tax Court.
 
 I.
 
 2
 This is the second time this case has appeared before this Court. The previous decision provides an outline of the facts involved:
 
 
 3
 Petitioners Myra and William Comer are husband and wife. Mr. Comer established three trusts of which he and Mrs. Comer are trustees. In January 1983, Mr. Comer was notified that the trusts were to be audited for the 1981 tax year....
 
 
 4
 The petitioners received four notices of deficiency totaling about $18,000 and assessing interests and costs. One notice was for the Comers' joint return and the other three notices were directed to the three trusts: the Comer Family Equity Pure Trust; the American Way Trust; and the T.R.Y.E.-A. Trust.... Thereafter, in June of 1985, the petitioners filed four petitions in the Tax Court.
 
 
 5
 The petitions were docketed for trial on May 12, 1986. A pretrial stipulation settlement conference was held for two and one-half days in early April. This conference produced the parties' stipulated agreement adopted by the Tax Court in its decisions entered by May 27, 1986. The agreement declared that the petitioners were not liable for any deficiencies, penalties, or interest with respect to the 1981 tax year. Although the petitioners' original petitions sought litigation costs, the stipulated agreement was silent on this matter and does not indicate whether the silence was intended or due to oversight.
 
 
 6
 On May 30, 1986, petitioners filed motions for litigations costs pursuant to 26 U.S.C. § 7430. Reasonable litigation costs are awardable in a civil tax proceeding brought against the United States in the Tax Court if the taxpayer has "substantially prevailed with respect to the amount in controversy," § 7430(c)(2)(A)(ii)(I) and "establishes that the position of the United States in the civil proceeding was unreasonable." § 7430(c)(2)(A)(i) (1982). The Tax Court denied the motions on June 19, 1986, on two grounds. First, the motions were "untimely" because they had not been filed prior to the Tax Court's decisions, and second, there was no evidence of unreasonable behavior by the government after the filing of the petitions, that is, when the controversy became a lawsuit. Subsequently, petitioners filed a motion to vacate the Tax Court's May decisions in the four petitions solely to enable the petitioners to file timely motions for costs. The motions to vacate were denied on July 2, 1986. Because the petitions raised similar issues they were consolidated.
 
 
 7
 Comer v. Commissioner, 856 F.2d 775, 776-77 (6th Cir.1988).
 
 
 8
 This Court reversed the Tax Court's order dismissing the motion for litigation costs, finding that the motion was timely and holding that the reasonableness of the Commissioner's actions prior to the filing of the petitions was also relevant. The decision was remanded to the Tax Court for consideration of whether the government's pre-litigation position was unreasonable. Id. at 776. On remand, the Tax Court held that,
 
 
 9
 The record shows that when [Comer] eventually did what the agents originally asked him to do, i.e., provide testimony and review the records with them, most of his expenses were allowed. However, Comer did this only in the context of settlement conferences with District Counsel, after the statutory notices had been issued and petitions filed. Had he cooperated initially, none of that would have been necessary or, in our view, would have happened. Comer is the author of his own misfortune and is entitled to no litigation costs whatsoever.
 
 
 10
 Following the decision of the Tax Court, the petitioners filed this timely appeal. They argue that the Tax Court's denial of their petition for litigation costs was an abuse of discretion. Specifically, the petitioners argue that the Tax Court erred by denying their motion to sequester witnesses, by interfering with trial procedures on the side of the IRS thereby prejudicing the petitioners, in finding erroneous and distorted findings of fact, and in holding that the IRS actions were not unreasonable.
 
 II.
 
 11
 The Internal Revenue Code provides that reasonable litigation costs and attorney's fees may be awarded to the prevailing party under certain conditions. I.R.C. § 7430. In order to be awarded the fees, the taxpayers must prove they are a "prevailing party." Id. A prevailing party is one who can show that the position of the United States in the proceeding was not substantially justified and who prevailed with respect to the amount in controversy or with respect to the most significant issue or issues. I.R.C. § 7430(c)(4).
 
 
 12
 The standard of review applicable to cost determinations under section 7430 is the subject of a split among the circuits. The Third, Seventh and Eighth Circuits have adopted an abuse of discretion standard to review the denial of costs and fees under the section. Rickel v. Commissioner, 900 F.2d 655 (3d Cir.1990); Zinniel v. Commissioner, 883 F.2d 1350 (7th Cir.1989), cert. denied, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990); Berks v. United States, 825 F.2d 1262 (8th Cir.1987), appeal after remand, 860 F.2d 841 (8th Cir.1988). The Ninth Circuit concluded that the determination of the unreasonableness of the Commissioner's position presents a mixed question of law and fact and is therefore the subject of de novo review. Sliwa v. Commissioner, 839 F.2d 602 (9th Cir.1988). This Circuit has not articulated a specific standard of review for section 7430 cases.
 
 
 13
 The Seventh Circuit relied on the Supreme Court case Pierce v. Underwood, 487 U.S. 552, 563-565, 108 S.Ct. 2541, 2549-2550, 101 L.Ed.2d 490 (1988), in its holding that the award of litigation costs should be reviewed only for abuse of discretion. Zinniel, 883 F.2d at 1354. In Pierce, the Court addressed the award of attorney's fees under the Equal Access to Justice Act. The Supreme Court held that in reviewing a district court determination that the position of the Secretary of Housing and Urban Development was not "substantially justified," the court of appeals should apply an abuse of discretion standard. 487 U.S. at 560, 108 S.Ct. at 2547. In establishing the abuse of discretion standard, the Pierce Court noted that the question of fees depended on evidence regarding facts of the case and insights the district court might not have conveyed to the record. The Court further noted that the time and expense which would be expended by the reviewing court under a de novo review would not be well spent. As did the Seventh Circuit, we find this argument to be applicable to awards denied under section 7430. Section 7430 authorizes the Tax Court to award litigation costs but does not demand such awards.[1] Thus, the discretionary basis of the awards, together with concerns about judicial economy, mandate an abuse of discretion standard. We therefore adopt the position previously taken by the Third, Seventh, and Eighth Circuit Courts.
 
 III.
 
 14
 In Pierce, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierce, 487 U.S. at 56365, 108 S.Ct. at 2549-2550. We adopt this definition and apply it in determining whether Comer is a prevailing party under section 7430 entitled to litigation costs.
 
 
 15
 First, because a finding of substantial justification must be based on the facts of the case, we review the Tax Court's findings of fact. Both the government and the petitioners have presented detailed summaries outlining the events which led to this litigation. The parties' views of the events differ substantially. The Tax Court's findings of fact appear to adopt the government's view of the events. The petitioners argue that the findings of fact were "distorted, misrepresentative and erroneous, were based on bias, speculation and perjury, and, were not supported by the evidence." Reviewing the findings of fact on a clearly erroneous standard, we find this argument to be without merit.
 
 
 16
 The Tax Court's findings of fact are supported by the testimony and evidence presented at trial. Many of the petitioners' complaints appear to reflect their dissatisfaction with the court's finding rather than actual bias on the part of the presiding judge. The petitioners offer no proof that the judge was personally biased or that he exhibited bias stemming from information learned outside of his involvement in this particular case. See United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990). Rather, the judge made a credibility determination and resolved the conflicting testimony in favor of the government. This type of credibility determination is within the province of the judge as factfinder. United States v. City of Birmingham, 727 F.2d 560 (6th Cir.), cert. denied, 469 U.S. 821, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984).
 
 
 17
 The petitioners list 42 "erroneous and misrepresentative" findings of fact which they assert evidence the Tax Court judge's bias. A review of the 42 facts disputed by the petitioners does not indicate bias or prejudice on the part of the trial judge reaching the level at which the court of appeals must act. In addition, the alleged errors do not provide evidence that the position of the Commissioner was not substantially justified.
 
 IV.
 
 18
 The petitioners next contend that the Tax Court erred in failing to sequester the government witnesses. During the second day of trial, following the testimony of five defense witnesses and one government witness, the petitioners' attorney moved for the sequestration of all government witnesses. The Tax Court denied the motion. The government argued that to allow the petitioners to hear each other's testimony and then deny the government the same right was prejudicial.
 
 
 19
 Federal Rule of Evidence 615 provides that at the request of a party the court shall order the exclusion of witnesses. The Advisory Committee Notes to the rule indicate that the rule was designed to make the exclusion of witnesses a matter of right rather than a matter of judicial discretion. Nothing in the rule specifies a time for making the request. The government relies on a Seventh Circuit decision which held that where one party makes no motion to exclude witnesses until after all their witnesses have testified, it is not an abuse of discretion to deny the sequestration motion. Mueller v. Cities Serv. Oil Co., 339 F.2d 303 (7th Cir.1964). This decision, however, was made prior to the adoption of Rule 615 and thus does not establish a clear precedent. Most of the case law subsequent to the adoption of Rule 615 addresses judicial discretion in excluding specific witnesses, i.e., government agents, and sanctions for violations of an exclusion order.
 
 
 20
 The Fifth Circuit, however, has addressed a similar situation in United States v. Warren, 578 F.2d 1058, 1076 (5th Cir.1978). In Warren, the trial judge had refused to exclude witnesses from a suppression hearing. The Fifth Circuit held that while the judge's action clearly violated Rule 615, the violation did not require reversal. The witness exclusion rule is designed to "avoid the testimony of one witness improperly influencing that of another and to aid in the detection of disingenuous testimony." Id. As the Fifth Circuit notes, the effect of any influence the judge's actions caused cannot be erased by a new hearing--only a new trial without government witnesses would erase all effects. The Fifth Circuit held that the defendants in the trial must show that the judge's error created sufficient prejudice to require reversal. The petitioners in the case before this Court have failed to show such prejudice. No evidence is apparent in the record nor presented by the petitioners which indicates that the failure to exclude witnesses harmed the petitioners' case. The testimony highlighted by the petitioners as evidence that the government witnesses "tailored their testimony" indicates only that the witnesses heard the other testimony. The judge made clear that his decision was due to his belief that the petitioners' sequestration request was untimely. The petitioners put forth no evidence that the decision was the result of prejudice or bias.
 
 V.
 
 21
 Finally, the petitioners protest the Tax Court's denial of admission of various exhibits. One of the exhibits petitioners desired admitted was a prior notice of deficiency which they believed would support their claims that the IRS was obligated to allege alternative positions in notices of deficiencies. The Tax Court denied the admission. Petitioners argued the IRS failed to allege alternate positions in the various notices of deficiency filed thus resulting in double or triple taxation. In fact, the Commissioner may issue inconsistent notices taxing the same income to different taxpayers in order to protect revenue. Nat Harrison Assocs., Inc. v. Commissioner, 42 T.C. 601, 617 (1964). Only alternative positions within a single notice of deficiency to an individual taxpayer must be designated. Internal Revenue Manual § 4264.3. As the Tax Court found, Comer had been audited several times and was aware he could only be taxed once. No prejudice resulted from excluding as evidence the prior notice of deficiency. The denial of the admission of exhibit 124 similarly did not result in prejudice to the petitioners.
 
 
 22
 The decision on whether the position of the Commissioner is reasonable, both prior to and after the filing of petitions protesting IRS determinations, is left to the discretion of the trial court. We review that decision only for abuse of discretion. Because we find that the Tax Court did not err in the admission of evidence and that the court's findings of fact were not clearly erroneous, we look only for some basis which justifies the court's decision. The Tax Court in this case made its decision based on its determination of the credibility of the witnesses. While some evidence was presented which indicates that the IRS delayed and poorly managed the investigation, there is no conclusive evidence that the actions were unreasonable. The government also presented evidence that the petitioners did not take steps to ease or aide the investigation. The Tax Court was therefore entitled to use its discretion in awarding litigation costs. We find no grounds for reversal and therefore AFFIRM the decision of the Tax Court.
 
 
 
 [1]
 I.R.C. § 7430(a) provides:
 In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement....
 (Emphasis added).