ROBERT A. ARENDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Arendt v. Commissioner
Docket No. 30182-91
United States Tax Court
T.C. Memo 1995-53; 1995 Tax Ct. Memo LEXIS 46; 69 T.C.M. (CCH) 1802; January 31, 1995, Filed *46 An appropriate order and decision will be entered awarding attorney fees to petitioner at the statutorily allowed rate with the allowed adjustments for cost of living. For petitioner: Jon R. Vaught. For respondent: Thomas M. Rohall. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Petitioner has filed a motion for litigation and administrative costs pursuant to section 7430[1] and Rule 230. There are two issues for decision: (1) Whether petitioner has established that the position of respondent in the underlying tax case was not substantially justified; and (2) whether special skills were required by petitioner's counsel to warrant an award of attorney's fees higher than $ 75 per hour, other than statutory adjustments for the cost of living. We find that petitioner has established that the position of the United States was not substantially justified. We also find that no special skills were required by petitioner's counsel to warrant the award of higher attorney's fees. *47 FINDINGS OF FACT The merits of the underlying case were decided in Arendt v. Commissioner, T.C. Memo. 1994-443, filed August 30, 1994, and to the extent necessary for the disposition of this motion, the facts and holdings in T.C. Memo. 1994-443 are incorporated by this reference. We will repeat the facts necessary to clarify the following discussion. In Arendt, we noted that if the taxpayer shows that the notice of deficiency is arbitrary and excessive, that showing has the effect of shifting the burden of going forward with the evidence to the Commissioner. Id. For the notice of deficiency to have a presumption of correctness in cases where there is suspected unreported income allegedly derived from illegal activity, the Commissioner must produce substantive evidence showing that the taxpayer received income from the activity. Id. Only after the Commissioner produces such proof, does the taxpayer then have the burden to rebut the presumption of correctness of the deficiency notice. Id.
In Arendt, respondent argued that petitioner's notebooks showed that petitioner conducted a business that was engaged *48 in the cultivation and sale of marijuana during the years in question. Id. Further, respondent argued that the determination was rationally based, because the income was reconstructed from petitioner's own notebooks and calendars as well as Drug Enforcement Agency marijuana sales price lists. Id. Respondent concludes that this is sufficient evidence to supply the required minimal evidentiary foundation on which to base the notice of deficiency. Id.
We distinguished the case on which respondent relied, United States v. Stonehill, 702 F.2d 1288 (9th Cir. 1983), wherein "the Commissioner presented overwhelming evidence demonstrating that the taxpayers had actually received millions of dollars of unreported income, while in the instant case, respondent has failed to show that petitioner actually received any income." Arendt v. Commissioner, supra. Our conclusion was that respondent's evidence showed at most that petitioner grew marijuana and tracked local prices during the years in question. Id.
For all of the above reasons we concluded that respondent did not meet her burden of going forward with *49 the evidence; thus, the notice of deficiency was found to be arbitrary and excessive, and so not entitled to the usual presumption of correctness. Id. For this reason we entered a decision for petitioner in the substantive tax case. Id.
On October 3, 1994, petitioner filed a motion for attorney's fees, supplemented by appropriate affidavits as required by Rule 232. Petitioner did not supply two of the affidavits until October 18, 1994, but respondent did not file her objection to petitioner's motion for litigation costs until November 4, 1994, after requesting an extension from the Court. In light of all of the facts, the delay in petitioner's filing of the two affidavits did not prejudice respondent, and respondent did not raise this as an issue; therefore, we will accept the two affidavits and consider them in determining the outcome of this case. Additionally, after respondent filed her objection to petitioner's request for litigation costs, petitioner filed a reply to respondent's objection to petitioner's motion for attorney's fees. In his reply, petitioner modified his request for attorney's fees, to request $ 9,869.14 for services rendered by two separate attorneys *50 over two distinct time periods. The attorneys worked on this case a total of 99.89 hours, and petitioner's revised hourly attorney's fee was $ 98.80. The $ 98.80 hourly fee was the hourly fee respondent asserted should be used, [2] therefore petitioner's reply is a concession of the cost of living adjustment (COLA) issue. However, petitioner continues to contend that the attorney's fees should be increased for other reasons discussed herein. OPINION Petitioner is seeking litigation and administrative costs incurred after the date of the notice of deficiency. Section 7430 provides that a prevailing party may be awarded reasonable administrative costs incurred in connection with an administrative proceeding within the Internal Revenue Service and reasonable litigation costs incurred in connection with a Tax Court proceeding. In order for this Court to award reasonable litigation and administrative costs *51 under section 7430, a taxpayer must meet 7 requirements: (1) File a timely motion for an award of reasonable litigation and administrative costs. Rule 231(a). (2) Substantially prevail in the proceeding in this Court. Sec. 7430(c)(4)(A)(ii). (3) Establish that the taxpayer did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). (4) Establish that the Commissioner's position in the administrative proceeding and the proceeding in this Court was not substantially justified in law or in fact. Sec. 7430(c)(4)(A)(i), (7)(a) and (b); Powers v. Commissioner, 100 T.C. 457, 468 (1993). (5) For an award of litigation costs, exhaust any administrative remedies available in the Internal Revenue Service. Sec. 7430(b)(1). (6) Have a net worth that did not exceed 2 million dollars at the time the petition was filed in the case. Sec. 7430(c)(4)(A)(iii). (7) Establish that the requested costs and attorney's fees are reasonable in amount. Sec. 7430(a), (c)(1) and (2). The 7 requirements for an award under section 7430 are conjunctive; each requirement must be met before the Court may order an award of *52 litigation and administrative costs under section 7430. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. The taxpayer has the burden of proof with respect to every requirement. Rule 232(e); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Here, respondent contends that petitioner has not shown factor 4 to be true; respondent asserts that petitioner has not shown that respondent's position in the administrative proceeding and the proceeding in this Court was not substantially justified in law or in fact. Additionally, respondent contends petitioner has not shown why he should receive attorney's fees in excess of $ 75 per hour, other than the statutorily allowed adjustment for cost of living. [3]
*53 The not substantially justified standard is applied as of the separate dates that respondent took a position in the administrative proceeding and the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Han v. Commissioner, supra. For purposes of the administrative proceeding, respondent took a position on October 2, 1991, the date of the notice of deficiency. Sec. 7430(c)(7)(B). For purposes of the proceeding in this Court, respondent took a position on January 31, 1992, the date respondent filed the Answer. See Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144. Here, these two positions are the same. Whether or not this position was substantially justified will determine whether petitioner is entitled to an award of reasonable attorney's fees and costs. The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2085, 2752, changed the language describing the position of the United States for civil tax cases commenced after December 31, 1985, from "unreasonable" to "not *54 substantially justified"; the standard applicable to the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 (1988). This Court has concluded that the substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). EAJA's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 564-565 (1988). That interpretation also applies to motions for litigation costs under section 7430. William L. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316. In determining whether the Commissioner's position was substantially justified, this Court will consider the basis of her position and the manner in which that position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). *55 This standard is no different from the "reasonable basis both in law and fact" formulation adopted by the vast majority of the Courts of Appeals. Id. For a position to be substantially justified, there must be substantial evidence to support it. Pierce v. Underwood, supra.As the Supreme Court stated: Judicial review of agency action, the field at issue here, regularly proceeds under the rubric of "substantial evidence" set forth in the Administrative Procedure Act, 5 U.S.C. sec. 706(2)(E). That phrase does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Id. at 564-565 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).]
In the notice of deficiency and in her answer, respondent determined that petitioner was liable for the deficiencies and additions to tax attributable to unreported income from the sale of marijuana. Respondent based this determination on evidence provided by notebooks found in a search in *56 regard to potential criminal charges. In the substantive case, we found that respondent did not introduce admissible, substantive evidence that adequately linked petitioner to the sale of marijuana, or to the receipt of unreported income from marijuana sales. Accordingly, we found that the notice of deficiency was arbitrary and, therefore, excessive and not entitled to the presumption of correctness. Arendt v. Commissioner, T.C. Memo. 1994-443. Respondent did not reconstruct petitioner's income or offer any testimony by anyone who claimed to have purchased marijuana from petitioner during the years in question. We have indicated that if the Commissioner does not diligently investigate a case, then she may lack a reasonable basis in both fact and law. As we said in Powers v. Commissioner, 100 T.C. at 473, "If some relevant evidence is required, Pierce v. Underwood, supra, then none is surely not enough." In her objection respondent argues: As long as the facts on which the respondent relies are not "unusually scanty or unworthy of belief," the failure of the "facts" to convince *57 the trier of fact of the ultimate persuasiveness of respondent's position is not reason to hold that the position of the respondent is unreasonable or without substantial justification. VanderPol v. Commissioner, 91 T.C. 367, 370 (1988); Guyan Oil Co., Inc., * * * [T.C. Memo. 1988-486].
The argument is not well taken. Our decision of the substantive issue was based on the fact that respondent provided us with no proof, linking petitioner's growth of marijuana (shown in notebooks and admitted to by petitioner) to receipt of income from the sale of marijuana. We conclude that respondent's position lacked a reasonable basis in fact and law. Petitioner has shown that the position of respondent in the underlying tax case was not substantially justified. For this reason, we hold that petitioner is entitled to an award of administrative and litigation costs. Finally, we must decide whether petitioner is entitled to attorney's fees in excess of $ 75 per hour, other than the statutory adjustment for cost of living. Respondent asserts that petitioner may not collect more than the $ 75 per hour, other than adjustments for cost of living. *58 Petitioner asserts that his attorney had an expertise in tax procedural matters that went beyond the scope of a normal tax lawyer. Additionally, petitioner asserts that it would have been impossible to obtain competent counsel for anything less than $ 175 per hour. An attorney's general tax expertise does not qualify as a special factor warranting an enhancement of the statutory fee award. Huffman v. Commissioner, 978 F.2d at 1150; Powers v. Commissionier, suprs at 489. Further, it is not a special factor if hourly rates for all lawyers in the relevant city or area exceed $ 75 per hour. Id.
Procedural issues are an integral part of any court proceeding. To assert that an expertise in tax procedural issues is something beyond an expertise in tax law is a novel argument. Petitioner cited no authority that allowed additional attorney's fees using this argument. Petitioner did not cite any cases that allowed attorney fees in excess of the $ 75, after adjustments for cost of living, with facts similar to those existing here; nor can we can find any such authority. To reflect the foregoing,
An appropriate order and decision will be *59 entered awarding attorney fees to petitioner at the statutorily allowed rate with the allowed adjustments for cost of living. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. After cost of living adjustments are calculated from 1986, the $ 75 hourly fee under sec. 7430↩ is $ 98.80.
3. In an objection to petitioner's motion for litigation costs, respondent indicated that petitioner used an incorrect base year (1981) in calculating the cost of living adjustment for the hourly attorney's fee. In petitioner's reply to respondent's objection to petitioner's motion for attorney's fees, petitioner modified his per hour attorney's fee request to agree with respondent's objection, and used 1986 as the base year.
In Cassuto v. Commissioner, 93 T.C. 256, 272-273 (1989), affd. in part, revd. in part, and remanded 936 F.2d 736 (2d Cir. 1991), we found that cost of living adjustments (COLA) under sec. 7430 should use 1981 as the base year. The Court of Appeals for the Ninth Circuit, where appeal of this case lies, has decided that COLA under sec. 7430 should be calculated using 1986 as the base year. Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992), affg. in part, revg. in part, and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 451 (1993); see Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).