Jay W. SNYDER, Plaintiff,

v.

UNITED STATES of America, Defendant and Counterclaim Plaintiff,

v.

James R. SNYDER, Counterclaim Defendant.

Civil Action No. 95–73659.

United States District Court, E.D. Michigan, Southern Division.

Jan. 7, 1998.

Daniel Bretz, Detroit, MI, Max J. Newman, Bloomfield Hills, MI, for Plaintiff.

Michael Davis, Trial Atty., Tax Div., U.S. Dept of Justice, Washington, DC, Karen Gibbs Ernst, Detroit, MI, for Defendant.

***ORDER ACCEPTING MAGISTRATE JUDGE SCHEER'S DECEMBER 2, 1997 REPORT AND RECOMMENDATION***

O'MEARA, District Judge.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich.

Dec. 6, 1993), has reviewed Magistrate Judge Scheer's December 2, 1997 report and recommendation. No objections to the report and recommendation were filed. After conducting a *de novo* review, the court accepts the magistrate judge's report and recommendation as the court's findings and conclusions.

Accordingly, it is hereby **ORDERED** that Magistrate Judge Scheer's December 2, 1997 report and recommendation is **ADOPTED**.

It is further **ORDERED** that Counterclaim Defendant's motion for costs is **DENIED**.

### REPORT AND RECOMMENDATION

SCHEER, United States Magistrate Judge.

### I. RECOMMENDATION

This cause comes before the Court on Counterclaim Defendant James R. Snyder's Motion for Costs Against the Internal Revenue Service Pursuant to 26 U.S.C. § 7430; and the United States' Opposition to Counterclaim Defendant James R. Snyder's Motion for Costs. For the reasons that follow, I recommend that the Snyder's Motion for Costs be denied.

### II. REPORT

#### A. FACTUAL AND PROCEDURAL BACKGROUND

In December 1987, the United States Treasury Department made an assessment against Plaintiff Jay Snyder and Counterclaim Defendant James Snyder, Jr., for a responsible person penalty pursuant to 26 U.S.C. § 6672. The assessment was made for willful failure to collect, account for, and pay certain withheld income and Federal Contributions Act ("FICA") taxes due and owing from Phoenix Masonry, Inc. James Snyder filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, on December 28, 1987, in the United States Bankruptcy Court for the Southern District of Texas. The Internal Revenue Service filed a proof of claim, and an amended proof of claim for the § 6672 taxes, as well as for personal income tax liability for the taxable year 1986. James Snyder filed ob-

jections to the proof of claim. On June 29, 1992, the Bankruptcy Court granted the United States' motion for summary judgment and allowed the United States proof of claim. James Snyder appealed the decision to the United States District Court, which affirmed the decision of the Bankruptcy Court. James Snyder appealed to the United States Court of Appeal for the Fifth Circuit. The Fifth Circuit affirmed the district court and the bankruptcy court's decisions.

In September 1995, Jay Snyder filed this action against the United States seeking to overturn the assessment of a 100% penalty against him, pursuant to a 26 U.S.C. § 6672, and seeking a refund of the amounts he paid to the Internal Revenue Service. The United States filed a counterclaim against Jay Snyder and against James Snyder seeking the full amount of the assessment. According to the United States, James was added as a defendant because the United States feared that the statute of limitations on the collection of the § 6672 liabilities would run unless an action to reduce the assessment against James Snyder to judgment was instituted. On February 27, 1997, the United States filed a motion for summary judgment in its case against James Snyder. It argued that while the allowance of the Internal Revenue Services' proof of claim in James Snyder's bankruptcy proceeding may have had the effect of a judgment, it was effective only against the assets comprising the bankruptcy estates, and not against James Snyder personally. James Snyder argued that the allowance of the proof of claim in the bankruptcy proceeding was *res judicata* with respect to any action against him personally.

On May 27, 1997, the Court dismissed the United States' counterclaim against James Snyder, holding that the Texas Bankruptcy Court's allowance of the proof of claim was a binding judgment against James Snyder personally. The Court also held that the Texas Bankruptcy Court's Order confirming Snyder's reorganization plan adjudicated the Internal Revenue Service's claim and was *res judicata* as to all questions that were or could have been raised during the bankruptcy case. The United States appealed the District Court's Order on July 20, 1997. On

September 3, 1997, the United States Court of Appeals for the Sixth Circuit granted the United States' motion to voluntarily dismiss the appeal. James Snyder then filed the instant motion.

## B. DISCUSSION AND ANALYSIS

■ The Internal Revenue Code ("IRC") provides that reasonable litigation costs and attorney fees may be awarded to the prevailing party in litigation against the United States under certain circumstances. 26 U.S.C. § 7430. To be awarded costs and fees, the taxpayer must establish that he or she has exhausted all administrative remedies available to him within the Internal Revenue Service, 26 U.S.C. § 7430(b)(1), and must show that the requested litigation costs are reasonable. 26 U.S.C. § 7430(a) and (c). In addition, the taxpayer must prove that he or she is the prevailing party as defined by § 7430(c)(4). The term prevailing party means:

[A]ny party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—

(I) which—

(i) has substantially prevailed with respect to the amount in controversy, or

(ii) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(II) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

In addition, the taxpayer, to be considered a prevailing party, bears the burden of proving that the position of the United States was not substantially justified. *William L. Comer Family Equity Pure Trust v. Commissioner of Internal Revenue*, 958 F.2d 136, 139 (6th Cir.1992); *McClellan v. United States*, 900 F.Supp. 101, 104 (E.D.Mich.1995); *Kenagy v. United States*, 942 F.2d 459 (8th Cir.1991).

The United States does not take issue with the reasonableness of the fees and costs requested, and it asserts that whether Snyder exhausted his administrative remedies is irrelevant because it joined him as a counterclaim defendant. However, the United States contends that Snyder cannot establish that he is a prevailing party because he has not complied with § 7430(c)(4)(ii), and because he cannot demonstrate that the position of the United States lacks substantial justification.

### 1. TIMELINESS

To be considered a prevailing party, Snyder must comply with the requirements of the first sentence of 28 U.S.C. § 2412(d)(1)(B). That sentence reads:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

A final judgment is defined as a judgment "that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, Snyder's was required to file this motion within thirty days of the entry of the final judgment in this action.

The United States argues that the judgment entered in this case by Judge O'Meara on May 27, 1997, became final on September 3, 1997, the day that the United States Court of Appeals for the Sixth Circuit granted its motion for voluntary dismissal of its appeal. Snyder has not disputed that the judgment became final on September 3, 1997.

■ Snyder filed the instant motion for costs on October 14, 1997, forty one days after the judgment in this case became final. Because he failed to file his motion within the thirty-day time period as required by

28412(d)(1)(B), his motion is untimely and should be dismissed.

## 2. *PREVAILING PARTY*

▉ Even if Snyder had timely filed his motion for costs and fees, he has not established that he is the prevailing party as defined by § 7430. Snyder must show that he prevailed with respect to most significant issue in the case, and must show that the position of the United States was not substantially justified. *William Comer Family Equity Pure Trust*, 958 F.2d at 139; *McClellan*, 900 F.Supp. at 104.[1] The term "substantially justified" was defined by the United States Supreme Court as "justified to a degree that could satisfy a reasonable person" or "having a reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 563–66, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). It does not mean "justified to a high degree." *Id.* at 565, 108 S.Ct. 2541. Moreover, "[a] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566, n. 2, 108 S.Ct. 2541.

There is no dispute that Snyder prevailed on the most significant issues in this case—whether the order of the bankruptcy court, confirming James Snyder's Chapter 11 plan, was *res judicata* as to all questions that were raised or could have been raised in Snyder's case, and that the bankruptcy court's allowance of the IRS' claim against Snyder became a binding judgment against James personally under the Bankruptcy Code. The dispute is whether the position taken by the IRS was substantially justified. The only ground on which Snyder bases his conclusion that the IRS' position was not substantially justified is the fact that the IRS dismissed its appeal. The United States counters that it dismissed the appeal because of the potential for collecting from Snyder, the fact that the district court's

opinion was not published, and because of the peculiar facts of the case. The United States further asserts that its position was firmly grounded in both law and fact. It maintains that the critical legal issue involved in the case had been addressed only by a small number of courts, and that all had reached the opposite conclusion of the district court here. The government cited cases favorable to its position. (Govn't Brief, p. 5). The movant has cited no authority to the contrary.

▉ I find that Snyder has failed to carry his burden of establishing that the United States' position was not substantially justified. In addition, I am satisfied that the United States' position was substantially justified, because its position was supported by courts which had previously addressed the issue, thus establishing a reasonable basis in law and fact. That the United States' position may not have been correct, does not mean that it was not substantially justified. Therefore, I recommend that Snyder's motion for fees and costs be denied.

## C. *CONCLUSION*

For the reasons stated above, I recommend that Snyder's Motion for Costs be DENIED.

## III. *NOTICE TO PARTIES REGARDING OBJECTIONS:*

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D.Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981), *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991). Filing of objections that raise some issues but fail to raise others with

---

1. During the applicable time period, the burden remained on the taxpayer to prove that the position of the United States was not substantially justified. *See*, H.R.Conf.Rep. No. 841, 99th Cong., 2d Sess. at II–802, *reprinted in* 1986–3 C.B. (Vol.4) at 802 ("... the conference agreement provides that the taxpayer (as opposed to the Government) must carry the burden of proving that the Government's action was not substantially justified.").

specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987), *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991). Pursuant to E.D.Mich. LR 72.1(d)(2), a copy of any objection is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dec. 2, 1997.