**Ann P. FOUTS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 5:99–CV–17.

United States District Court, W.D. Michigan, Southern Division.

March 30, 2000.

Allan J. Claypool, Foster, Swift, Collins & Smith, P.C., Lansing, MI, for plaintiff.

W. Francesca Ferguson, Asst. U.S. Attorney, U.S. Attorney's Office, Western District of Michigan, Grand Rapids, MI, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COSTS AND ATTORNEY FEES

McKEAGUE, District Judge.

On September 8, 1999, the Court entered a judgement and a "Stipulation and Order for Dismissal of Action and Release of Escrowed Funds" holding that plaintiff had substantially prevailed with respect to the most significant issue in this case. On October 5, 1999, plaintiff moved for an award of costs and attorney fees under 26 U.S.C. § 7430, contending she is the prevailing party and defendant's litigation position was not substantially justified. Plaintiff seeks an award of attorney fees in the amount of $36,916.00 and costs in the amount of $411.77. Defendant United States opposes the motion, contending it was substantially justified in maintaining its position that Ann Fouts' son, John (a.k.a.Larry) Fouts, had an attachable interest in Ann Fouts' property.

 Under 26 U.S.C. § 7430, a taxpayer who prevails against the government may recover reasonable litigation costs, including reasonable attorney fees and costs, unless the government can prove its position was substantially justified. It is the government's burden to prove that its position was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i) (". . . . if the United States establishes that the position of the United States in the proceeding was substantially justified"). To prove it was substantially justified, the government must show its position was "justified in substance or in the main," was "justified to a degree that could satisfy a reasonable person," or had "a reasonable basis both in law and fact." *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); William L. *Comer Family Equity Pure Trust v. Commis-* *sioner,* 958 F.2d 136, 139–40 (6th Cir.1992) (applying the *Pierce* definition to the "substantially justified" inquiry under 26 U.S.C. § 7430). In adopting this standard, the *Pierce* court explicitly rejected the more demanding "justified to a high degree" standard. In considering whether the government's position is substantially justified, the Court considers all the facts and circumstances and the government's position as a whole.

Plaintiff argues that John Fouts had no attachable interest in Ann Fouts' property because he held the property only as a co-trustee, as evidenced by the Declaration of Trust instrument. The government contends John Fouts did have an attachable interest in the property by virtue of the deed conveying the property to John Fouts and Ann Fouts as joint tenants. The government further argues the trust instrument is vague and did not evidence the intent that John hold the property only as a co-trustee. In the alternative, the government contends that even if the trust is not ambiguous, the tax lien attached to John's vested beneficial interest in the trust.

 State law determines a taxpayer's interest in property. *Aquilino v. United States,* 363 U.S. 509, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). If it is determined that state law does create a property interest in the taxpayer, then federal law dictates the results. *United States v. National Bank of Commerce,* 472 U.S. 713, 722, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Federal tax liens attach to *every* property interest held by a taxpayer and can attach regardless of whether that interest is less than full ownership interest or only one interest among several other ownership claims. *United States v. Safeco Insurance Company of America,* 870 F.2d 338, 341 (6th Cir.1989). *See also, Craft v. United States,* 140 F.3d 638 (6th Cir.1998). The federal tax lien statute is broad and Congress intended it to reach every interest in property a taxpayer may have. *Drye v. United States,* — U.S. —, — – —,

120 S.Ct. 474, 479–80, 145 L.Ed.2d 466 (1999). A tax lien can attach to *rights* to property and to the property itself. The fact that a taxpayer's right to property may be restricted will not prevent attachment of a federal tax lien. A tax lien can also attach to future and contingent interests in property. *See Craft,* 140 F.3d at 644. Therefore, if the taxpayer has any interest at all in the property, a tax lien may attach to that interest.

■ According to state law, an inter vivos trust creates a present interest in property, although it is an expectant interest. *Detroit Bank & Trust Co. v. Grout,* 95 Mich.App. 253, 278, 289 N.W.2d 898 (1980). *See also Goodrich v. City National Bank and Trust Company of Battle Creek,* 270 Mich. 222, 231, 258 N.W. 253 (1935) (in an inter vivos revocable trust situation the trust beneficiary has a vested interest in the property and the power to revoke is a condition subsequent which will result in divestment of the interest). A trust settlor's power to revoke does not prevent vesting of title to trust property in the trustee or beneficiary. *Id.* Under Michigan law, expectant estates are "descendible, devisable and alienable." Mich. Comp.Laws Ann. § 554.35. It has also been held that a beneficiary's interest in trust income was property for purposes of imposing a tax lien. *Bank One Ohio Trust v. United States,* 80 F.3d 173 (6th Cir. 1996). In addition, restraints on alienation do not prevent a lien from attaching. *Id.* at 176.

■ In this case, therefore, it is clear under Michigan law that John Fouts, as an expectant beneficiary of the trust at least, had an attachable interest in the property. It was reasonable, based on the law and facts, for the government to believe the tax lien could attach to John's expectant interest in the trust property of which he was a beneficiary. The government's position that the tax lien could attach to his interest in the property was therefore substantially justified. Attorney fees are not available to a prevailing party under 26 U.S.C. § 7430 if the government proves its position was substantially justified, as it has done in this case. Therefore, plaintiff's motion for attorney fees must be denied.

Plaintiff's motion for costs must also be denied. Rule 54(d) provides that costs, other than attorney fees, are generally allowed as of course to the prevailing party. Fed.R.Civ.P. 54(d). However, "costs against the United States ... shall be imposed only to extent permitted by law." *Id.* The only authority under which plaintiff seeks award of costs against the United States is 26 U.S.C. § 7430, which establishes a threshold she is unable to meet.

Accordingly, plaintiff's motion for attorney fees and costs must be and is hereby **DENIED.**

**IT IS SO ORDERED.**