**Benny and J. Ruth MULLINS,
Plaintiffs**

v.

**UNITED STATES of America,
Defendant.**

**No. 3:01–CV–171.**

United States District Court,
E.D. Tennessee.

March 1, 2005.

Bradley H. Hodge, E. Jerome Melson, Mack A. Gentry, Knoxville, TN, for Plaintiffs.

Beatriz T. Saiz, Jennifer L. Best, Washington, DC, for Defendant.

### ORDER

VARLAN, District Judge.

For the reasons set forth in the accompanying memorandum opinion, plaintiffs' motion to recover attorneys' fees and costs [Doc. 106] and supplemental and amended motion to recover attorneys' fees and costs [Doc. 115] are hereby **GRANTED IN PART** and **DENIED IN PART,** whereby the Court, pursuant to 26 U.S.C. § 7430, **AWARDS** plaintiffs the total amount of **$202,397.87** as reasonable administrative and litigation costs representing the following: **$179,528** for attorneys' fees; **$3,175** for costs associated with paralegals and an accountant; and **$19,694,87** for out-of-pocket expenses. It is further **ORDERED** that plaintiffs' bill of costs [Doc. 107] is hereby **DENIED.**

### MEMORANDUM OPINION

This is a tax refund action brought by plaintiffs, Benny and J. Ruth Mullins, against defendant, the United States of America ("U.S."), to challenge the assessment of income tax deficiencies relating to their farming activities during tax years 1995, 1996, and 1997. On July 14, 2004, the Court made findings of fact and conclusions of law [Doc. 100] and entered a judgment [Doc. 101] in favor of plaintiffs and against the U.S. in the amount of $93,050.45. Specifically, the Court found that plaintiffs engaged in their cattle farm operation with an actual and honest profit motive sufficient to entitle them to make income tax deductions attributable to their farming activities.

This matter is presently before the Court on plaintiffs' motion to recover attorneys' fees and costs [Doc. 106] filed on July 28, 2004 and plaintiffs' supplemental and amended motion to recover attorneys' fees and costs [Doc. 115] filed on December 10, 2004, which are now ripe for determination following notice that the government voluntarily dismissed its appeal to the United States Court of Appeals for the Sixth Circuit [see Doc. 114]. Plaintiffs seek to recover their attorneys' fees and costs pursuant to 26 U.S.C. § 7430 and their bill of costs [Doc. 107] pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54, and E.D.TN.LR 54.1. The U.S. has raised a number of objections to the requested attorneys' fees and costs [see Doc. 109]. For the reasons that follow, and after carefully considering the positions of the parties, plaintiffs' motions will be granted in part and denied in part, whereby plaintiffs will be awarded reasonable and necessary administrative and litigation costs in the total amount of $202,397.87.

Section 7430(a) of Title 26, United States Code, provides generally that in an administrative or court proceeding against the United States in connection with the refund of any tax, the prevailing party may be awarded a judgment for reasonable administrative and litigation costs incurred by the prevailing party. A "prevailing par-

ty" is defined by § 7430(c)(4)(A) as a party:

(i) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

With respect to the first prong of § 7430(c)(4)(A), there is little question that plaintiffs substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented since the Court entered judgment in their favor granting the requested refunds. As noted above, the Court made findings of fact and conclusions of law which detailed the credible and objective proof leading to the judgment in plaintiffs' favor.

■ The second prong of § 7430(c)(4)(A) involves two requirements. First, under § 2412(d)(1)(B), a party must submit an application for fees and expenses, including an itemized statement with the time expended and the rate computed, to the Court within thirty days of final judgment. There is no question that plaintiffs made a timely application. Second, under § 2412(d)(2)(B), a party must be an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. In its opposition [Doc. 109], the U.S. points out that plaintiffs do not meet this second requirement because they have net shown that they are eligible for an award of fees and costs since their net worth exceeds $2,000,000.

The Court addressed this same objection in its memorandum and order denying the U.S.'s motion to amend judgment [*see* Doc. 113]. As the Court previously explained, § 7430(c)(4)(D)(ii) provides that parties filing a joint return shall be treated as separate individuals for the purpose of calculating net worth. The Court found that plaintiffs properly supplemented the record after the judgment was entered by filing amended and supplemental interrogatory responses [*see* Ex. 1 to Doc. 105]. Therefore, the U.S.'s objection on this issue is overruled.

■ Having established that plaintiffs are prevailing parties within the meaning of § 7430(c)(4)(A), the Court next considers whether the U.S. has met the exception to the prevailing party rule. Section 7430(c)(4)(B)(i) sets out the exception as follows: "A party shall not be treated as the prevailing party ... if the United States establishes that the position of the United States in the proceeding was substantially justified." The U.S. maintains that its position was substantially justified and therefore objects that plaintiffs cannot be considered the prevailing parties entitled to recover fees and costs.

Specifically, the U.S. contends that simply because the Court agreed with plaintiffs' version of the disputed facts and found in their favor does not render the U.S.'s position lacking in substantial justification. The U.S. asserts that it introduced substantial evidence and extensive legal authority supporting its position that plaintiffs did not engage in their cattle raising activity with the primary purpose and intent to make a profit. The U.S. points to proof that plaintiffs reported twenty-four years of net losses with their farming activities, that plaintiffs failed to keep records about the cattle herd, that plaintiffs failed to pay employment taxes

on wages paid to farm laborers, and that the cattle operation and the holding of land were separate activities. In their response [Doc. 110], plaintiffs maintain that the U.S. at best presented scant evidence or legal authority in support of its position.

A determination of whether the U.S.'s position was substantially justified turns on a finding of reasonableness based on all of the facts and circumstances, as well as the legal precedents relating to the case. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *William L. Comer Family Equity Pure Trust v. Commissioner,* 958 F.2d 136 (6th Cir.1992). In its findings of fact and conclusions of law, the Court set forth detailed reasons why it was reasonable to conclude that the U.S.'s position that plaintiffs did not engage in their farming activities with the intent to make a profit was not well-taken based on the particular facts and circumstances of the case and the applicable legal authority. Therefore, the U.S.'s objection on this issue is overruled.

Now that it has been determined that plaintiffs are the prevailing parties and that the substantial justification exception does not apply, the Court must determine whether any of the limitations set forth in § 7430(b) apply to recovery of administrative and litigation costs under § 7430(a). There are two limitations relevant to this case set forth in § 7430(b)(1) and (3): first, the prevailing party must have exhausted the available administrative remedies within the Internal Revenue Service; and second, the prevailing party must not have unreasonably protracted an administrative or court proceeding. Plaintiffs have stated that they exhausted their administrative remedies and did not unreasonably protract any proceedings, and the U.S. has not raised an issue that these limitations apply.

In light of the above findings, the Court concludes that plaintiffs are entitled to an award of administrative and litigation costs incurred in this case. The Court must next determine whether the amount sought by plaintiffs is reasonable under the circumstances. Section 7430(c)(1) defines "reasonable litigation costs" as including:

(A) reasonable court costs, and

(B) based upon prevailing market rates for the kind or quality of services furnished—

(i) the reasonable expenses of expert witnesses in connection with a court proceeding, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States,

(ii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

(iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.

In the case of any calendar year beginning after 1996, the dollar amount referred to in clause (iii) shall be increased by an amount equal to such dollar amount multiplied by the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1995" for "calendar year 1992" in subparagraph (B) thereof. If any dollar amount after be-

ing increased under the preceding sentence is not a multiple of $10, such dollar amount shall be rounded to the nearest multiple of $10.

Under § 7430(c)(2), "reasonable administrative costs" include all of the above except court costs, plus "any administrative fees or similar charges imposed by the Internal Revenue Service."

In their motion to recover attorneys' fees and costs [Doc. 106], plaintiffs state that they have reasonably and necessarily incurred administrative and litigation costs in the total amount of $232,305.37. They provide the following breakdown:

| | |
|---|---|
| Filing fees | $ 150.00 |
| Attorneys' fees | 212,610.50 |
| Out-of-pocket expenses by counsel | 1,963.22 |
| Out-of-pocket expenses by plaintiffs | *17,581.65* |
| **TOTAL** | **$232,305.37** |

In their supplemental and amended motion to recover attorneys' fees and costs [Doc. 115], plaintiffs increase the attorneys' fees line item from $212,610.50 to $225,695.00 to reflect additional fees incurred in 2004. This amendment changes the total amount of administrative and litigation costs requested to $245,389.87.

In support of their motion to recover attorneys' fees and costs, plaintiffs submit a number of documents to assist the Court in making an award, including the following: statement of costs and fees and time detail report and expense detail report of Gentry, Tipton & McLemore, P.C. [Ex. A to Doc. 108]; the affidavit of Mack A. Gentry [Ex. B to Doc. 108]; the affidavit of Benny Mullins [Ex. 1 of Ex. B to Doc. 108]; the memorandum opinion in *Estate of William E. Sharp, Jr. v. United States of America* [Ex. 2 of Ex. B to Doc. 108]; the affidavit of Dale C. Allen [Ex. C to

Doc. 108]; and the affidavit of Thomas S. Scott, Jr. [Ex. D to Doc. 108]. Plaintiffs' response to the U.S.'s opposition attaches a revised and updated time detail report of Gentry, Tipton & McLemore, P.C. [Ex. A to Doc. 110]. Finally, the supplemental and amended motion to recover attorneys' fees and costs includes another affidavit from Mr. Gentry along with an invoice reflecting additional fees generated [Ex. 1 to Doc. 115].[1]

The U.S. objects that the amount of fees and costs claimed by plaintiffs is excessive in several respects. The U.S. summarizes its objections as follows: "the Court should exercise its discretion ... to reduce the amount of plaintiffs' award to reflect the allowable rate permitted by statute and to exclude fees and expenses incurred prior to the drafting of the complaint in this case, the fees and expenses incurred stemming from the discovery, argument, and trial preparation addressing the positions taken by the Revenue Agent and other officials and representatives of the Internal Revenue Service, and any fees and expenses incurred stemming from estate planning services" [*see* Doc. 109 at pp. 12–13]. The Court will address these four objections in turn.

■ As noted above, the amount of attorneys' fees that can be awarded is generally limited to an hourly rate of $125 unless it is determined that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate. *See* 26 U.S.C. § 7430(c)(1)(B)(iii). In addition, the hourly rate of $125 must be increased to reflect

---

1. At the outset, the Court notes that plaintiffs have made the task of awarding fees and costs inordinately difficult by not submitting a comprehensive chart or time detail report with each supplemental request. Nevertheless, the Court has gone through the materials with a fine-tooth comb in order to arrive at a fair award, resolving any ambiguity in favor of the U.S.

cost-of-living adjustments in the case of any calendar year beginning after 1996. *Id.* For all attorneys except Mr. Gentry, plaintiffs appear to request an adjusted amount of $150 per hour for all calendar years worked. For Mr. Gentry, plaintiffs seek compensation at a rate of $250 per hour based upon, the special factor of Mr. Gentry's distinctive skill in tax law. The U.S. points to the applicable Revenue Procedures for the appropriate adjusted amount for all attorneys except Mr. Gentry, and it further objects to the increased rate for Mr. Gentry based upon specialized skill.

The Court has carefully considered the materials submitted by plaintiffs in support of their position that Mr. Gentry's attorney's fees should not be taxed at the default rate set forth in § 7430. Without question, Mr. Gentry, plaintiffs' lead attorney throughout this matter, possesses distinctive skill in tax law. However, this fact alone is not enough to warrant an increase in the statutory fee, and the U.S.'s objection on this issue is sustained. If a special expertise in tax law qualifies as a "special factor" under § 7430, which applies to tax cases exclusively, then the exception would wholly swallow the rule because virtually all attorneys seeking compensation under § 7430 possess an expertise in tax law. *See Powers v. Commissioner*, 43 F.3d 172, 183–84 (5th Cir.1995); *Huffman v. Commissioner*, 978 F.2d 1139, 1149–50 (9th Cir.1992); *Cassuto v. Commissioner*, 936 F.2d 736, 743 (2d Cir.1991); *Bode v. United States*, 919 F.2d 1044, 1050 (5th Cir. 1990).

■ Moving to the other three objections, the U.S. contends that the fees and expenses incurred prior to the drafting of the complaint in this case should be excluded; that the fees and expenses incurred stemming from the discovery, argument, and trial preparation addressing the positions taken by the Revenue Agent and other officials and representatives of the Internal Revenue should be excluded; and that the fees and expenses incurred stemming from estate planning services should be excluded. The Court disagrees with and overrules the U.S. on the first two objections, finding that such fees and expenses are recoverable because they were reasonable and necessary to properly investigate and prepare for this case.[2] However, the Court agrees with the U.S. and sustains its final objection that any estate planning services are not recoverable in this tax refund action; nevertheless, the Court notes that plaintiffs state that these fees were deducted from the total amount of fees included on the first time detail report and they submit a revised and updated time detail report deleting such references.[3]

Having addressed all of the objections raised by the U.S., the Court will next apply the cost-of-living adjustments for the respective calendar years worked in this case to reach the applicable statutory attorneys' fee rates as follows: $140 in 2000 and 2001 and $150 in 2002, 2003, and 2004. *See* Rev. Proc. 99–42, 1999–2 C.B. 568; Rev. Proc.2001–13, 2001–1 C.B. 337; Rev. Proc.2001–59, 2001–2 C.B. 623; Rev. Proc. 2002–70, 2002–2 C.B. 845; Rev. Proc.2003–85, 2003–2 C.B. 1184. In closely reviewing the time detail reports submitted in this

---

**2.** For the record, the Court notes that the time detail reports do not include any time for services rendered in 1999, although plaintiffs state in their brief that they are entitled to administrative costs from July 21, 1999 through April 17, 2001.

**3.** Plaintiffs appear to have deleted all fees for estate planning services with one exception, which will be addressed below in footnote 4.

matter, the Court finds that three attorneys worked a total of 96.7 hours in 2000 and 2001 and that seven attorneys worked a total of 1,106.6 hours in 2002, 2003, and 2004.[4] Based upon the statutory attorneys' fee rates established above, the Court concludes that plaintiffs are entitled to a total of $179,528 in reasonable and necessary attorneys' fees: 96.7 hours × $140 per hour = $13,538 and 1,106.6 hours × $150 per hour = $165,990.

As part of their litigation costs, plaintiffs also seek to recover the costs of work performed by paralegals, law clerks, and an accountant in this case from 2000 through 2004. The record reflects that the U.S. has not raised any objection to these costs. The Court notes that paralegal costs are recoverable under § 7430. *Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993) (if such hours were not compensable, then attorneys may be compelled to perform the work done by paralegals, thereby increasing the cost of the litigation). In addition, the costs of an accountant have been found to be recoverable under § 7430. *See J & J Cab Serv., Inc. v. United States*, 1998 WL 264736 (W.D.N.C. 1998). In its discretion, the Court will not award the costs of work performed by law clerks in this case. The Court calculates the breakdown of permissible costs at the rates prescribed by plaintiffs as follows:

26.95 hours × $60 per hour for one paralegal = $1,617, 17.2 hours × $40 per hour for another paralegal = $688; 1 hour × $100 per hour for the accountant = $100; and 7 hours × $110 per hour for the account = $770. Accordingly, the Court concludes that plaintiffs are entitled to a total of$3,175 as reasonable and necessary costs associated with paralegals and an accountant.

Finally, plaintiffs seek an award of the expenses incurred in this matter from 2001 through 2003 as part of their litigation costs. The U.S. has not raised any objection to the requested expenses that the Court has not already addressed above. Out-of-pocket expenses are considered "reasonable litigation costs" which may be awarded under § 7430 because they are costs that are inevitable in any litigation. *See Miller*, 983 F.2d at 862. The time detail reports outline out-of-pocket expenses in the amount of $2,113.22 ($1,963.22 in mall, copy, research, witness, and deposition charges + $150 filing fee) advanced by the law firm and out-of-pocket expenses in the amount of $17,581.65 (deposition and accountant charges) paid directly by Mr. and Mrs. Mullins, as supported by the affidavit of Mr. Mullins. The Court finds these out-of-pocket expenses to be reasonable and necessary

---

**4.** The Court's review of the time detail reports results in a deletion of 4 hours for services rendered in 2002 and 2003. The following time entries, which were in all likelihood inadvertent errors, are deleted for the following reasons: (1) May 31, 2002 entry for 3.10 hours of work on a opposition to a motion to quash, a *pro hac vice* motion, and telephone conference with Roger Milam—the Court is not aware of any attorney being admitted *pro hac vice* for plaintiffs and is not aware of any reason why a conversation with the clerk of the Middle District of Tennessee would be necessary in this matter; (2) June 6, 2002 entry for .4 hours of work on a conference regarding will revision for Mr. and Mrs. Mullins—the Court noted above that fees for estate planning services are not proper and although plaintiffs state they have deducted such fees from the total amount, they clearly overlooked this entry; and (3) May 22, 2003 entry for .5 hours of work for telephone conferences regarding a May 27, 2003 status conference with the undersigned's judicial assistant and with Allan G. Altera, Esq.—the Court acknowledges that a status conference was held in this case on that date but it takes judicial notice of the fact that Mr. Altera is involved in an unrelated patent case pending before the undersigned and therefore this entry is deleted out of an abundance of caution.

costs and awards plaintiffs a total of **$19,-694.87.**

Plaintiffs have also submitted a bill of costs [Doc. 107] for recovery in the total amount of $5,972.72 pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54, and E.D.TN.LR 54.1. They provide the following break-down:

| | |
|---|---|
| Fees of clerk | $ 150.00 |
| Fees of court reporter for transcript | 4,976.92 |
| Fees for witnesses | 257.19 |
| Fees for copies of papers | *588.61* |
| **TOTAL** | **$5,972.72** |

Although the U.S. has not filed any objection to the bill of costs, it appears that plaintiffs may inadvertently be seeking double recovery in certain respects. For instance, the filing fee of $150 was included in the out-of-pocket expenses advanced by the law firm. Also, expenses for court reporting, witnesses, and copying were subsumed in some degree in the out-of-pocket expenses advanced by the law firm or paid directly by Mr. and Mrs. Mullins. Plaintiffs have failed to delineate how their bill of costs differs from the out-of-pocket expenses already sought, and there is no feasible way for the Court to decipher the matter. The Court has been generous in its award of attorneys' fees and costs and will not allow the bill of costs to be awarded when there is a substantial likelihood that plaintiffs would obtain double recovery.

In conclusion, plaintiffs' motion to recover attorneys' fees and costs [Doc. 106] and supplemental and amended motion to recover attorneys' fees and costs [Doc. 115] will be granted in part and denied in part, and plaintiffs' bill of costs [Doc. 107] will be denied. Pursuant to 26 U.S.C. § 7430, plaintiffs are entitled to recover the total amount of **$202,397.87** as reasonable administrative and litigation costs representing the following: **$179,528** for attorneys' fees; **$3,175** for costs associated with para-legals and an accountant; and **$19,694.87** for out-of-pocket expenses.

Order accordingly.